## 72471. FAVORS v. ARNOLD.
(351 SE2d 641)

BENHAM, Judge.

Landlady Arnold filed an affidavit seeking a writ of possession and payment of past due rent from tenant Favors. Favors filed an answer and a counterclaim. The writ of possession issued, and the remaining questions concerning the past due rent and appellant's counterclaim were set down for resolution in a non-jury trial. On September 23, 1985, the parties were notified that the action was set for trial on October 9, 1985, 16 days hence. On October 9, appellant argued that she had not been given the 20-day notice of trial provided for in Rule 8.3 of the Uniform State Court Rules ("Rules") (253 Ga. 887) (1985). The case proceeded to trial on October 9 and resulted in the entry of judgment in the amount of $1,740 in favor of appellee. We subsequently granted appellant's application for review of the trial court's decision to hold the trial 16 days after the distribution of the calendar listing the action.

If a tenant files an answer in a dispossessory action, as appellant herein did, "a trial of the issues shall be had in accordance with the procedure prescribed for civil actions in courts of record . . ." OCGA § 44-7-53 (c). Under Rule 8.3, the state court's trial calendar shall be "distributed or published a sufficient period of time, but not less than 20 days, prior to the session of court at which the actions listed thereon are to be tried, except that the trial calendar for dispossessories . . . shall be published at least twenty-four hours in advance of the hearing . . ." Here, the trial took place 16 days after the publication of the calendar listing it.

Appellant complains that the distinction made under Rule 8.3 between dispossessory cases (one-day notice of trial) and other cases (20-day notice of trial) is in conflict with the mandate of OCGA § 44-7-53 (b) that a trial of the issues in a dispossessory shall be had in accordance with the procedure prescribed for civil actions in courts of record. The Civil Practice Act, which "governs the procedure in all courts of record of this state in all actions of a civil nature" (OCGA § 9-11-1) provides that "[a]ll civil cases . . . shall be triable anytime after the last day upon which defensive pleadings were required to be filed therein; provided however, that the court shall in all cases afford to the parties reasonable time for discovery procedures . . ." OCGA § 9-11-40 (a). The statute goes on to say: "The courts shall provide for the placing of actions upon the trial calendar: (1) Without request of the parties but upon notice to the parties . . ." OCGA § 9-11-40 (c). Thus, Rule 8.3 is a uniform implementation of the authority granted by OCGA § 9-11-40 (c). The dispossessory case's disparate notice requirement of Rule 8.3 may have its inception in OCGA § 44-7-53 (c), which states: "Every effort should be made by the trial court to expe-

dite a trial of the issues." The uniform rule, acting on behalf of the trial courts, ensures expedition of dispossessory cases by requiring 24-hour notice of trial, certainly meeting and exceeding the minimum notice and time restrictions of OCGA § 9-11-40 (a) and (c). If appellant wishes to make an argument that the one-day notice requirement deprives parties in dispossessory actions of equal protection, that argument should have been made at trial and submitted to the Supreme Court.

Appellant argues that the trial should not have proceeded within 20 days of the calendar publication because the action was not a dispossessory since possession of the premises was no longer an issue. Appellant's position is premised on the idea that contested possession of the premises is the factor which makes an action dispossessory in nature. We disagree.

Although a dispossessory action has as its inception an effort to remove a tenant from leased premises and perhaps to recover past due rent, the dispossessory action so begun covers "all related claims between the landlord and the tenant . . ." *Leverette v. Moran*, 153 Ga. App. 825, 826 (266 SE2d 574) (1980). When more than possession of the premises is at issue, the settlement of the possession question does not rob the dispossessory action of its very nature. See, e.g., *Moran v. Mid-State Homes*, 171 Ga. App. 618 (320 SE2d 625) (1984); *Twin Tower Joint Venture v. American Marketing &c. Corp.*, 166 Ga. App. 364 (1) (304 SE2d 493) (1983); *Lantz v. White*, 152 Ga. App. 389 (2) (262 SE2d 640) (1979). Compare *Officenters &c. of Atlanta v. Interstate North Assoc.*, 166 Ga. App. 93 (303 SE2d 292) (1983). Since entitlement to relief other than possession of the premises had been alleged and demanded and a judgment sought while the issue of possession was viable, the trial court did not err in treating the unresolved, non-possession issues as part of a dispossessory proceeding. See *Twin Tower Joint Venture*, supra.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1986 —
REHEARING DENIED DECEMBER 17, 1986 —

*Ralph S. Goldberg*, for appellant.
*David C. Joel*, for appellee.