**SAJA CLOTH, INC., Appellant**
**v.**
**MONGOOSE JUNCTION II, Appellee**

D.C. App. # 94-131

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 6,1995

RONALD T. MITCHELL, (Law Offices of Stafford Hillaire), St. Thomas, V.I., *for appellant:*

HENRY L. FEUERZEIG, St. Thomas, V.I., *for appellee:*

MOORE, *Chief Judge*

## MEMORANDUM

This matter is before the Court on the appellee's motion to dismiss[1] the appeal in this matter for failure to abide by this Court's appeal brief scheduling Order of May 10, 1995.[2] Having considered the premises, the Court will grant the appellee's motion and dismiss the appeal for the following reasons.

■ Appellant was put on notice by the *May 10 Order, see n. 1, supra,* that a failure to file its appeal brief in a timely fashion might result in the dismissal of its appeal. Appellant's delinquency was brought to its counsel's attention by the instant motion only two days after appellant's brief was due. As of this date, appellant has neither filed its brief, moved for an extension of time, nor responded to the appellee's motion to dismiss. Accordingly, dismissal of this appeal is warranted pursuant to FED. R. APP. P. 31(c) ("If an appellant fails to file a brief within the time provided by this rule . . . an appellee may move for dismissal of the appeal.") which is adopted for use in this jurisdiction by LRCi 76.1. Furthermore, the presiding judge of the Appellate Panel "alone . . . may dismiss an appeal for. . . . failure to take or prosecute it in accordance with the applicable law or rules of procedure." Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1613a(b) (1995).[3]

---

[1] The instant motion to dismiss was filed by appellee on May 26, 1995, with certified service on appellant's counsel.

[2] The Court's Order of May 10, 1995 reads, in part, as follows:
ORDERED THAT the following Briefing Schedule is HEREBY ISSUED:
1. Brief for appellant and joint appendix shall be filed and served within fourteen (14) days of this order, on or before May 24, 1995; and
2. Brief for appellee shall be filed and served within fourteen (14) days after appellant's brief and the joint appendix are filed and served; and
3. Appellant's reply brief, if any, shall be served and filed within seven (7) days after service of appellee's brief.
If appellant fails to file his brief on time, the appeal may be dismissed. Should appellee fail to file his brief on time, the Court may decide the matter on appellant's brief alone.

[3] The local appellate rules of the Third Circuit provides that, in these circumstances, the Clerk of the Court can dismiss the appeal:
[I]f an appellant fails to comply with the Federal Rules of Appellate Procedure and the Local Appellate Rules with respect to the timely filing of a brief and appendix, at any time after the seventh day following the due date, *the Clerk is authorized to dismiss the appeal* for want of timely prosecution.

■ Despite the tortured procedural history of this case, the Court's dismissal of the appeal is entered with reluctance; a court is always loathe to dismiss a party's claim. Yet, we simply cannot ignore appellant's blithe disregard for its reasonable pleading duties. Appellant's dilatoriness throughout this litigation cannot be deemed accidental. The record of this case is replete with failures of appellant and its counsel to abide by the orders of the Territorial Court, this Court, and the United States Court of Appeals for the Third Circuit. Not only has this Court previously dismissed appellant's actions for failure to prosecute, but appellant's failure to timely adhere to the Third Circuit's appeal briefing orders has also resulted in the dismissal of its appeal of this Court's first dismissal order. The unwavering inability of appellant to comply with court-imposed deadlines leaves this Court with no other option to protect the integrity of its operations. This is especially true in light of the history of appellant's lease payment defaults, as well as its dilatory and perhaps fraudulent behavior before the Territorial Court.[4]

■ In reluctantly granting appellee's motion, the Court notes the weakness of appellant's showing of appellate merit. With respect to its jurisdictional arguments, the appellant ignores that the Territorial Court possesses broad jurisdiction over landlord-tenant disputes and, accordingly, may grant the full range of remedies, including restitution of premises, available under the common law. Appellant's claim that, after the allegedly improper consolidation of Civil Numbers 895-1991 and 751-1991, the Territorial Court lacked jurisdiction over the subject matter of this landlord-tenant dispute is simply preposterous. Even if the lower court's consolidation, subsequent vacation, and reinstatement of the debt and forcible detainer actions violated both the letter and spirit of the Virgin Islands Forcible Entry and Detainer ("FED") statutes, as

LAR MISC. 107.2 (b) (emphasis added).

[4]The Territorial Court noted, in reversing its vacation of the consolidation of actions and granting of restitution, that the appellant's promises and averments regarding the payment of arrears, upon which the Court had relied, turned out to have little factual support. Even a lost-mail search with the U.S. Postal Service did not produce evidence of the payments appellant promised the Court it had made. *See*, Findings of Fact, PP 22-26, February 8, 1993.

well as V.I. Cт. Rules Ann., Terr. Ct. Rule 37, this procedural embroglio would not necessarily have divested the Territorial Court of its abiding common law jurisdiction over landlord-tenant disputes.[5]

■ Many courts have held that a summary process action may not continue if the procedural requirements of the relevant statutes have not been followed. *See, e.g., Bridgeport v. Barbour-Daniel Electronics*, 16 Conn. App. 574, 548 A.2d 744, 749 (Conn. App. 1988). Virgin Islands courts have also held that an FED action will not lie where the Court is required to adjudicate title or probe a bona fide question of the existence of an unexpired lease at law or in equity.Inter *Car Corporation v. Discount Car Rental*, 21 V.I. 157 (T.Ct.1984); *Estate Thomas Mall v. Territorial Court of the Virgin Islands*, 923 F.2d 258 (3d Cir. 1991). Appellant appears to confuse such holdings with the erroneous proposition that a failure to conform to the statutory requirements of a summary process action deprives the trial Court entirely of its normal common law jurisdiction. We would point out that a court does not lose its common law subject matter jurisdiction simply because a special, statutory summary process must be abandoned. Nor is the inclusion of non-possessory issues necessarily anathema to a dispossession suit. *See, e.g., Favors v. Arnold*, 181 Ga. App. 286, 351 S.E.2d 641 (Ga. App. 1986) (Georgia dispossessory actions may include nonpossession issues).

Appellant has cited no authority and offered no arguments regarding limitations, if any, on the power of the Territorial Court to consolidate cases or to "transfer" an action to a docket where the exercise of jurisdiction of the subject of the case is proper. Appellant assumes, instead, that a failure to adhere to the requirements of summary process defeats all subject matter jurisdiction of the

---

[5] The appellant cites *Ex Parte McCardle*, 74 U.S. 506, 19 L. Ed. 264 (1868), for the tautological proposition that, when a Court lacks jurisdiction, it cannot hear a cause. In *McCardle*, the Supreme Court lacked appellate jurisdiction over certain habeas corpus actions because the statute which conferred such jurisdiction had been repealed by Congress. In addition to this clearly inapposite case, appellant cites *Inter Car Corporation v. Discount Car Rental*, 21 V.I. 157 (T.Ct.1984) and *Estate Thomas Mall v. Territorial Court of the Virgin Islands*, 923 F.2d 258 (3d Cir. 1991), neither of which hold that the Territorial Court cannot transfer or consolidate an FED case when it appears that the special FED process must be abandoned.

Territorial Court. In effect, the appellant argues, without relevant citation, that the Territorial Court had no choice but to dismiss the matters entirely and to force the appellee to re-file his case *ab initio*. The Court doubts that the Territorial Court is so constrained.

■ Nor does the appellant's objection to *in personam* jurisdiction carry any force. The appellant, by continuing to appear in the consolidated action, and by pursuing counterclaims before the court, clearly waived any objection to *in personam* jurisdiction. No stretch of the legal imagination could construe the procedural mess of this case as having somehow defeated proper notice to the appellant of the action or having divested the court of its proper grounds for *in personam* jurisdiction over the appellant.

All allegiance to the procedural strictures of the FED statutes were abandoned in this case by the Territorial Court. The Territorial Court's mistakes in this regard prejudiced not the tenant but rather the landlord, who thereby effectively lost its right to summary process. In view of the appellant's eager adoption of the consolidation, as evidenced by its filing of counterclaims, it cannot now rightly complain.

## CONCLUSION

In light of the appellant's failure to comply with the briefing schedule set by this Court, against a background of dilatory conduct throughout the course of this litigation, and the weakness of its claims on appeal, we have no alternative but to dismiss the appeal and award costs to the appellee.

ENTERED this 6th day of June, 1995.

## ORDER

For the reasons set forth in the attached Memorandum, it is hereby

ORDERED that the appellee's motion to dismiss the appeal in this case is GRANTED, *costs to appellee.*

ENTERED this 6th day of June, 1995.