**LILLIAN FLOYD, Plaintiff**

**v.**

**FRANKIE HOHEB d/b/a PRISTINE PROPERTY MANAGEMENT, and VIRGIN ISLANDS HOUSING AUTHORITY, Defendants**

Civ. No. 824/1997

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 26, 1997

CHRISTOPHER Q. BOTTIMORE, ESQ., (Legal Services of the Virgin Islands, Inc.), St. Thomas, U.S.V.I., *for Plaintiff*

LOIS E. PILGRIM, ESQ., (Legal Counsel, Virgin Islands Housing Authority), St. Thomas, U.S.V.I., *for Defendants*

Hodge, *Judge*

## MEMORANDUM OPINION

The question presented in this action for injunctive relief is whether a property owner of temporary emergency housing facilities may disregard the housing laws and evict an occupant by self-help. For the reasons which follow, the court answers the question in the negative, and will grant injunctive relief to the plaintiff.

### I. Facts

The Nazareth Bay Temporary Housing Project (NBTHP) in St. Thomas was created to temporarily house those whose residences were destroyed by Hurricane Marilyn in September, 1995. Defendant Frankie Hoheb, doing business as Pristine Property Management, is an agent of defendant Virgin Islands Housing Authority (V.I.H.A.) and provides management and maintenance services for the residents of NBTHP, pursuant to an agreement with defendant V.I.H.A. Each applicant for residency at NBTHP must sign an "Emergency Occupancy Agreement" drafted by defendants. As defendant Hoheb testified, "when I give them the key, they belong to me."

Plaintiff has resided at the NBTHP since October 24, 1996 — a period of approximately one (1) year, and had signed Emergency Occupancy Agreements (Agreements), dated April 28, 1997, and June 4, 1997. The language of the Agreements was based on a form used by homeless shelters, and defendants therefore contended that the occupants were not "tenants" but "residents".

At paragraph five (5) of the Agreements, defendants attempted to have plaintiff, and all others similarly situated, waive all V.I. laws relative to eviction from the NBTHP. No notice of eviction was given to plaintiff, but on October 21, 1997, during plaintiff's absence, defendant Hoheb, with assistance from the Housing Police, entered her dwelling unit, closed the windows, removed the existing lock, and placed a new lock on the only entrance door. Defendant Hoheb then placed an undated Notice on the outside of the locked door to advise plaintiff that she had been evicted and that her belongings must be retrieved by contacting the office

within ten (10) days or they would be disposed of. Plaintiff, age 72, poor, and with only part-time employment as a cleaning lady, was thereby denied immediate access to her dwelling unit, her personal belongings, and her medicines, drugs and hygienic items; she had no place to live. The undated Notice was therefore a notice after eviction, not a pre-eviction notice.

The last Agreement signed by plaintiff was dated June 4, 1997, which was effective for thirty (30) days, but was extended indefinitely by defendants until their unilateral self-help eviction on October 21, 1997, after which this court issued its Temporary Restraining Order compelling defendants to allow plaintiff reentry to her dwelling unit.

## II. Analysis

### A. The Law

■ Under the Virgin Islands law, the use of self-help by a landlord to evict a tenant is prohibited, and any lease provision to the contrary is void as against public policy. In addition, Virgin Islands law does not preserve, in favor of a landlord, the right of self-help as against a tenant who holds over after termination of a lease. Title 28 V.I.C. Ch. 31. *Blyden v. Sugar Estates Assocs.*, 14 V.I. 227 (T.C. 1977). *St. Thomas House, Inc., v. Barrows*, 15 V.I. 435 (T.C. 1979).

■ Virgin Islands law further provides property owners speedy judicial remedies through Forcible Entry and Detainer actions in lieu of potentially violent self-help to recover possession of property. Title 28 V.I.C. §§ 781, 782. However, in such summary proceedings, the issues are restricted to disputes that do not raise a colorable claim of right under a lease agreement, or issues of damages, or for collection of unpaid rents. *Estate Thomas Mall, Inc. v. Territorial Court*, 923 F.2d 258 (3d Cir. 1991), *cert. denied*, 502 U.S. 808, 112 S.Ct. 50, 116 L.Ed.2d 28 (1991).

Moreover, section three (3) of the Revised Organic Act of 1954, as amended, and the fifth (5th) and fourteenth (14th) Amendments of the U.S. Constitution, provide that no person shall be deprived of life, liberty, or property without due process of law. Thus, all tenants are guaranteed advance notice and an opportunity to be heard by a peaceful process instead of the dangerous consequences of self-help.

## B. The Agreement

In this case, defendant V.I. Housing Authority (V.I.H.A.), a local government agency, and its agent, defendant Frankie Hoheb, doing business as Pristine Property Management, have the responsibility and duty to comply with local and federal constitutional and statutory laws, but failed to do so. Instead, they assumed the posture of a shelter for the homeless and lowered their standards to that least common denominator. They created an unheard of and never before used "Emergency Occupancy Agreement" based on forms used by homeless shelters, inserted paragraph five (5) therein (a provision that no V.I. laws could apply), and compelled plaintiff and others similarly situated to sign it before they could get a key for an assigned unit. Indeed, in what can only be termed a gross abuse of power, defendant Hoheb admitted under oath that he told the tenants that when he gives them the key, they belonged to him.

It is clear from this abrasive, offensive and illegal conduct that defendants had no intention to comply with the law in dealing with the tenants of NBTHP. This illegality manifested itself by the forcible entry and trespass by defendants when they entered plaintiff's unit during her absence on October 21, 1997, changed the lock, and illegally evicted her from her dwelling without due process and in violation of V.I. laws.

## C. The Federal Regulation

In an attempt to justify their illegal conduct, defendants seek refuge in 44 C.F.R. § 206.101, claiming that this federal regulation authorizes them to use self-help in evicting tenants. However, after a verbatim reading of that regulation into the record, nothing contained in that language authorizes self-help. Thus, there was no merit to defendants' contention. Indeed, after reminding counsel for defendants that this is a government of laws and not of men, and that there must be some legal basis for the action taken, no other law could be cited to justify defendants' conduct.

## D. The Classifications

Defendants also contend that plaintiff was not a "tenant" but a "resident", and compared their relationship to the plaintiff with

that of a hotel to a guest. They argue that just as a hotel can use self-help to evict a guest by changing the lock and key without a judicial remedy, they can do likewise with plaintiff. The court rejects this contention because hotel guests are generally transients whose presence is short-term and who are not homeless, nor victims of devastating hurricanes or other acts of God. Plaintiff is clearly not in the category of a transient guest, as her one year stay has established. In addition, the laws against self-help are also applicable to hotel tenants who regularly reside in their hotels, and the court is not aware of any statutory exception applicable to transients. Indeed, the provisions of 28 V.I.C. §§ 781 and 782 prohibit self-help evictions without qualification or distinction among "guests", "residence", and "tenant", and without regard to "temporary", "emergency", or "long-term" occupancy.

## III. Conclusion

The eviction of plaintiff by self-help in this action represents a deprivation of life, liberty, and property that violates the due process laws of the Revised Organic Act, and the U.S. Constitution. Further, defendants' attempt to justify their conduct via 44 C.F.R. § 206.101 is invalid given the failure of that regulation to authorize self-help evictions. In addition, their attempt to distinguish between a "tenant" and a "resident" to justify their conduct is disingenuous in that no law makes such a distinction relating to eviction laws, and defendants have failed to establish this distinction. Moreover, defendants' conduct is in violation of 28 V.I.C. §§ 781 and 782 which expressly prohibits self-help evictions in the V.I. without qualification or distinction.

The defendant V.I.H.A. has thus failed to conform its behavior, and the behavior of its agent, to law. Instead, defendants have chosen to use tactics that are offensive to the law, and which may amount to oppression and intimidation, in their attempt to deny shelter to those who are left destitute through no fault of their own. Defendants have erroneously assumed that such tactics may be used on the homeless — an assumption far removed from any legal basis, or any other concept of civility. This court must, therefore, compel defendants to desist from such tactics, which constitute one of the most inhumane of human flaws — the affliction of the needy.

Accordingly, Plaintiff's petition for a permanent injunction prohibiting Defendants and their agents, attorneys, and all other persons acting in concert with them from the use of self-help in evicting Plaintiff, and others similarly situated, will be granted.

DATED: November 26, 1997.