**MAPES MONDE, LTD., Appellant**
**v.**
**A.H. RIISE GIFT SHOP, INC., Appellee**
**MAPES MONDE, LTD. v. A.H. RIISE GIFT SHOP, INC.**
D.C. Civ. App. No. 2003-29

District Court of the Virgin Islands

Division of St. Thomas

September 28, 2004

*For Mapes Monde, Ltd., Appellant*: VINCENT A. FULLER, JR., ESQ., St. Thomas, U.S.V.I.

*For A.H. Riise Gift Shop, Inc., Appellee*: HENRY L. FEUREZEIG, ESQ., St. Thomas, U.S.V.I.

FINCH, *Chief Judge of the District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and ROSS, *Judge of the Territorial Court, Division of St. Croix, sitting by designation*

297

## MEMORANDUM

(September 28, 2004)

### I. SUMMARY

A.H. Riise Gift Shop, Inc. ["Riise"] filed an action for forcible entry and detainer ["FED"] in Territorial Court against its tenant, Mapes Monde, Ltd. ["Mapes"]. The trial judge dismissed the action, left Mapes in possession, and awarded Riise over five thousand dollars in attorneys fees and costs. Mapes appeals the trial judge's after-the-fact attempt to recharacterize the action as one to recover possession and to award costs and attorneys fees in excess of the two dollars allowed by statute for an FED action. For the reasons stated below, we agree that it was improper for the trial judge to consider Riise's action as anything other than one for forcible entry and detainer and to award costs and fees as if it had been a suit to recover possession. Accordingly, we will vacate the trial judge's award of attorneys fees and costs.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2002, Riise filed an FED action against Mapes in Territorial Court under 28 V.I.C. §§ 781-94. (J.A. at 1.) The response, Riise argued that Mapes had no right to cure his prior default of the sublease agreement. Riise reasoned that Mapes had defaulted under the terms of the sublease and, notwithstanding Mapes' belated production of proof of insurance, Riise was entitled to take possession of the property. (*Id.* at 94, 96.)

After considering the argument, the trial judge agreed that Mapes had cured the alleged default and that he would enter an order dismissing the action provided that Mapes paid Riise's attorneys fees and costs. (*Id.* at 102.) Mapes then argued the statutorily limited costs for an FED proceeding was two dollars. *See* 28 V.I.C. § 794. Rejecting Mapes' argument, the trial judge reasoned that, because he would allow Mapes to cure its default, Riise's action should not be strictly characterized as one for FED. Instead, the trial judge stated that a provision in the Virgin Islands Code entitled a defendant sued for failing to perform a legal obligation to have the matter dismissed by fully performing. The trial judge, however, could not recall the citation for the provision. The trial judge also stated that the unspecified statute did not limit Riise's fees and costs. When Riise suggested that 28 V.I.C. § 929(a) allowed an award of

costs in excess of two dollars, the trial judge rejected this FED complaint alleged Mapes defaulted on a sublease agreement with Riise by failing to maintain or to provide Riise notice of workmen's compensation insurance for all of its employees and comprehensive third-party liability insurance naming Riise and Isidor Paiewonsky Associates, Inc. as additional insureds. The complaint also alleged that Mapes had been provided notice of its breach on December 20, 2001 and March 4, 2002, but had not cured the default. (*Id.* at 2.)

At a hearing on June 10, 2002, the trial judge heard arguments on the merits from both parties.[1] Mapes' counsel stated that his client provided notice to Riise of the requisite third-party liability insurance before Riise filed its complaint. (*Id.* at 94.) Mapes' counsel also provided the trial judge and opposing counsel with a certificate verifying Mapes' workmen's compensation insurance. Mapes' counsel stated that he had been unable to obtain the certification from the insurance company until June 7, 2002. (*Id.* at 94.)

Riise apparently was satisfied with Mapes' proof of third-party liability and workmen's compensation insurance because, in response, Riise argued that Mapes had no right to cure his prior default of the sublease agreement. Riise reasoned that Mapes had defaulted under the terms of the sublease and, notwithstanding Mapes' belated production of proof of insurance, Riise was entitled to take possession of the property. (*Id.* at 94, 96.)

After considering the argument, the trial judge agreed that Mapes had cured the alleged default and that he would enter an order dismissing the action provided that Mapes paid Riise's attorneys fees and costs. (*Id.* at 102.) Mapes then argued the statutorily limited costs for an FED proceeding was two dollars. *See* 28 V.I.C. § 794. Rejecting Mapes' argument, the trial judge reasoned that, because he would allow Mapes to cure its default, Riise's action should not be strictly characterized as one for FED. Instead, the trial judge stated that a provision in the Virgin

---

[1]    Four days earlier, on June 6, 2002, the trial judge held a hearing on the matter, but granted a continuance to Mapes before addressing the merits of the case. At that hearing, the trial judge denied Mapes' previously filed motion to dismiss for lack of jurisdiction. Mapes argued in its motion that it had never been properly served and, consequently, the trial court ·lacked jurisdiction. In denying the motion, the trial judge ruled that Mapes' attorney had submitted to the court's jurisdiction by appearing in the matter but not limiting his appearance to the jurisdictional issue. (J.A. at 81.)

Islands Code entitled a defendant sued for failing to perform a legal obligation to have the matter dismissed by fully performing. The trial judge, however, could not recall the citation for the provision. The trial judge also stated that the unspecified statute did not limit Riise's fees and costs. When Riise suggested that 28 V.I.C. § 929(a) allowed an award of costs in excess of two dollars, the trial judge rejected this suggestion, stating that he was thinking of a different statute.[2] (*Id.* at 102-104.) The hearing was adjourned with the trial judge recognizing that this was not a regular civil action to recover possession based on non-payment of rent and without the trial judge specifying the particular statute he believed entitled Riise to more than two dollars in costs.

On June 12, 2002, Riise filed a request for an award of costs and attorneys fees under 28 V.I.C. § 292(a). (*Id.* at 39-40.) On January 27, 2003, the trial judge granted this request and awarded Riise $5,879.25 in fees and costs. (*Id.* at 66-69.) In reaching his decision, the trial judge agreed with Riise's reliance on 28 V.I.C. § 292(a) despite having stated at the June 10, 2002 hearing that another statute applied. In his memorandum, the trial judge after-the-fact attempted to recharacterize Riise's suit as an action to recover possession for delinquent rent:

---

[2] The following exchange took place between each side's counsel and the trial judge regarding the appropriate fee:

Mapes' counsel: Your Honor, there is a provision in the statute, section 794, fees and costs, "The total court fees and costs for the summary proceedings provided by this chapter shall be two dollars."

The Court: Yeah, but this provision that I'm looking under isn't under the summary provision, so I'm gonna say the cost of the action isn't $2. The cost of the action is what the defendant has spent being in court on Thursday and being in court today, and filing the action. That's the cost of the action. You can't have it both ways. If you're acting under—strictly under the forcible entry and detainer provisions, then the provisions with respect to rent, 292 and the other provision, which I believe is in Title 5, which says, that any time before judgment is entered the party can perform and have the matter dismissed. I don't know exactly what provision it is but I know it is there.

Riise's counsel: Your Honor, if I may point the Court to Title 28, section 292(a).

The Court: I know, but that's not what I'm saying. But there's another provision I believe that doesn't deal with rent and leases at all, it says with respect to judgment period. ... It says, if a person is sued any time before judgment is entered, the person can fully perform and have the matter dismissed.

(J.A. at 102-104.)

Defendant argues that, because Plaintiff brought this matter as an action for forcible entry and detainer ("FED"), Plaintiff is precluded by 28 V.I.C. § 794 from seeking costs and attorneys fees in excess of $2.00. Defendant is correct both that this action began as an action for FED and that § 794 limits an assessment of attorney's fees. However, Defendant fails to recognize that, even though this action was initiated as an FED suit, it was resolved as an action to recover possession, pursuant to 28 V.I.C. §§ 281-94 .... An action to recover possession specifically allows a delinquent tenant to remain in possession of the leased premises upon, inter alia, payment of rent then in arrears, with interest, and the costs of the action. ... Thus, because Defendant received the benefits of § 292(a), it is appropriate that Defendant also shoulder the accompanying obligations.

(J.A. at 66-67 (internal citations and quotations omitted).)

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to review final judgments and orders of the Territorial Court in all civil matters. *See* 4 V.I.C. § 33.[3] This Court's review of the trial court's application of legal precepts and statutory construction is plenary. *See Dennenberg v. Monsanto*, 168 F. Supp. 2d 494, 495 (D.V.I. App. Div. 2001); *Virgin Islands v. John*, 159 F. Supp. 2d 201, 205 (D.V.I. App. Div. 1999).

## IV. ANALYSIS

Mapes argues that the trial judge erred in ruling that he had transformed the summary FED action into a regular civil action to recover possession. Mapes also argues that, consequently, the trial judge erred in awarding attorneys fees and costs under the inapplicable 28 V.I.C. § 292(a).[4] We will address each claim separately.

---

[3] *See* Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. § 1541-1645 (1995 & Supp. 2004), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2004) (preceding V.I. CODE ANN. tit. 1).

[4] Mapes also argues that, even if Riise is entitled to fees and costs in excess of two dollars, the fees and costs awarded were excessive. As we will vacate the trial judge's award of fees and costs, it is unnecessary to address Mapes' argument regarding the excessiveness of the fees and costs awarded.

301

## A. It Was Improper For the Trial Judge To Attempt To Characterize The Case As Having Been Resolved As An Action To Recover Possession

As noted above, in his January 27, 2003 memorandum, the trial judge stated he resolved the matter at the June 10, 2002 hearing as "an action to recover possession, pursuant to 28 V.I.C. §§ 281-94," and that he would award Riise costs and fees pursuant to 28 V.I.C. § 292(a). Section 292(a) provides:

> When in case of a lease of real property and the failure of the tenant to pay rent, the landlord has a subsisting right to reenter for such a failure, and may bring action to recover the possession of such property, and such action is equivalent to a demand of the rent and a reentry upon the property.
>
> If at any time before judgment in such action the lessee or his successor in interest as to the whole or a part of the property pays to the plaintiff or brings into court the amount of rent then in arrears, with interest, and the costs of the action, and performs the other covenants or agreements on the part of the lessee, he shall be entitled to continue in the possession according to the terms of the lease.

28 V.I.C. § 292(a) (emphasis added). At the June 10, 2002 hearing, however, the trial judge specifically rejected the suggestion that he could rely on section 292(a) to resolve the matter. Moreover, at no point in the hearing did the trial judge state he was adjudicating the matter as a civil action to recover possession for non-payment of rent.

We agree with Mapes' argument that the matter was adjudicated as an FED action and not as an action to recover possession. The Third Circuit Court of Appeals has described FED proceedings under Virgin Islands law as "a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted." *C.M.L. Inc. v. Dunagan*, 904 F.2d 189, 190-91 (3d Cir. 1990). In contrast, an action to recover possession is afforded the full discovery and pre-trial proceedings associated with any usual civil action. *See e.g.*, 28 V.I.C. §§ 283-85 (setting forth requirements for the complaint, answer, and jury verdict for an action to recover possession).

302

The record below demonstrates the matter was adjudicated in a summary manner typical of FED proceedings. The trial judge held an initial hearing on the matter less than two weeks after the complaint was filed and resolved the case in Mapes' favor in a brief hearing a few days later. The parties did not engage in discovery regarding Mapes' failure to pay rent, no witnesses were presented at the hearing, and the trial judge never heard evidence regarding Mapes' payment of rent. Thus, we find the trial judge adjudicated the matter as an FED action and not an action to recover possession due to unpaid rent.

■ Although the trial judge adjudicated the matter as an FED claim, his decision to allow Mapes to cure the alleged default was not a remedy typically associated with FED actions. The summary FED proceeding is normally used to provide the property owner "a judicial declaration of his right of occupancy and," if appropriate, "an order directing the marshal to remove the defendant and restore possession to the property owner." *Dunagan*, 904 F.2d at 191. We, however, express no opinion on whether it was proper for the trial judge to resolve Riise's FED action by allowing Mapes to cure its alleged default. Riise has not raised this issue on appeal, thus it is not properly before us. Instead, we hold only that the trial judge never converted the matter into an action to recover possession and that the trial judge adjudicated the matter as an FED action. We also construe the trial judge's decision at the June 10, 2002 hearing to allow Mapes to remain on the property as a denial of Riise's FED claim.

## B. As Riise's Action Was Adjudicated As An FED Action and Not An Action To Recover Unpaid Rent, It Was Improper to Award Fees and Costs Under 28 V.I.C. § 292(a)

■ Riise is entitled to costs and attorneys fees under section 292(a) only if its FED action was properly converted into an action to recover possession for failure to pay rent. As we find that the trial judge never made such a conversion and the case was adjudicated as an FED action, it was improper for the trial judge to award fees and costs to Riise pursuant to section 292(a). Accordingly, we will vacate the trial judge's order that Mapes pay costs and fees to Riise.

## V. CONCLUSION

The record of the proceedings below demonstrate that this matter was tried and resolved solely as an action for forcible entry and detainer. Consequently, we hold the trial judge erred in his after-the-fact characterization of Riise's action as one to recover possession instead of one for forcible entry and detainer. As this matter was adjudicated as a forcible entry and detainer action, it was also improper for the trial judge to award Riise attorneys fees and costs pursuant to 28 V.I.C. § 292(a). Thus, we will vacate Riise's award of costs and attorneys fees. An appropriate order follows.