**FOUR WINDS PLAZA CORP., Appellant**

**v.**

**CELESTINO WHITE d/b/a CELESTINO WHITE BAR AND GRILL,
Appellee**

D.C. Civil App. No. 2005-203

District Court of the Virgin Islands

Division of St. Thomas and St. John, Appellate Division

August 5, 2008

SHARON SCHOENLEBEN, ESQ., St. John, USVI, *For the Appellant.*

ARTURO R. WATLINGTON, JR., ESQ., St. Thomas, USVI, *For the Appellee.*

GÓMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge of the District Court of the Virgin Islands*; and BRADY, *Judge of the Superior Court, Division of St. Croix, sitting by designation.*

## MEMORANDUM OPINION

(August 5, 2008)

Appellant Four Winds Plaza Corp. ("Four Winds") commenced an action for forcible entry and detainer ("FED") in the Superior Court of the Virgin Islands against its tenant, Appellee Celestino White d/b/a Celestino White Bar and Grill ("White"). The trial judge entered judgment for Four Winds, awarded restitution of the leased premises to Four Winds, and granted White sixty days to vacate the premises. Four Winds now appeals that decision in part. For the reasons given below, the Court will vacate in part and remand this matter to the Superior Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Four Winds is a corporation that owns and operates a shopping center on St. Thomas, U.S. Virgin Islands. Four Winds regularly leases space in the shopping center to various tenants. On or about February 1, 2002, Four Winds and White entered into a written lease for a portion of the shopping center. The lease was for a term of two years and provided for monthly payments of $1,000. Over the course of the lease term, White paid monthly rent of $500. Four Winds periodically notified White that the lease required monthly payments of $1,000, not $500. White continued to pay monthly installments of $500. Four Winds subsequently sent White two notices to quit the leased premises, and indicated in one of those notices that White owed back rent.

In April, 2004, Four Winds filed an FED action in the Superior Court against White. The trial judge thereafter held a hearing on the matter. At that hearing, White cross-examined Roxann McMahon ("McMahon"), a manager at Four Winds responsible for tenant accounts. Over Four Winds' objection, the trial judge allowed White to elicit testimony from McMahon about White's monthly payments of $500 throughout the term of the lease. On redirect examination, Four Winds elicited testimony from McMahon that, notwithstanding the amounts White actually paid, the lease explicitly provided for $1,000 in monthly payments. McMahon

further testified that there had been no agreement to reduce payments to $500 per month. White later testified that the owner of Four Winds, Joseph Bonanno, had instructed his staff to collect $500 per month in rent from White, notwithstanding the written lease.

At the close of the hearing, Four Winds requested that White vacate the leased premises within a maximum of two weeks. White agreed to quit the premises, but requested sixty days within which to do so. Based on the testimony and evidence at the hearing, the trial judge found that Four Winds and White had entered into a two-year lease commencing on February 1, 2002. The trial judge further found that despite the term of the written lease requiring $1,000 per month in rent, the parties had orally agreed to reduced monthly payments of $500 per month. The trial judge also awarded restitution of the premises to Four Winds and granted White sixty days to quit the premises. Finally, the trial judge ordered White to pay rent during those sixty days in the amount of $500 per month, instead of $1,000 per month, based on his finding that the parties had orally modified the lease. The trial judge later memorialized his orders in a written judgment.[1] Four Winds thereafter filed this timely appeal.[2]

The two issues now before the Court are whether the trial judge (1) exceeded the scope of an FED action by finding that the parties had orally modified their written lease agreement, and (2) erred by granting White sixty days within which to vacate Four Winds' property.

## II. DISCUSSION

### A. Jurisdiction

This Court has jurisdiction to review final judgments and orders of the Superior Court of the Virgin Islands. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1) (Omnibus Justice Act of 2005).[3]

---

[1] The written judgment of the Superior Court does not explicitly include the trial judge's finding that Four Winds and White orally modified the lease.

[2] White has not filed a brief in this appeal.

[3] The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541-1645 (1995 & Supp.2003), *reprinted in* V.I. CODE ANN. 73-177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2003) (preceding V.I. CODE ANN. tit. 1).

## B. Standard of Review

This Court's review of the Superior Court's application of legal precepts and statutory construction is plenary. *Mapes Monde, Ltd. v. A.H. Riise Gift Shop, Inc.*, 46 V.I. 297, 337 F. Supp. 2d 704, 707 (D.V.I. App. Div. 2004); *Dennenberg v. Monsanto*, 168 F. Supp. 2d 494, 495 (D.V.I. App. Div. 2001); *Virgin Islands v. John*, 159 F. Supp. 2d 201, 205 (D.V.I. App. Div. 1999).

## III. ANALYSIS

### A. The Oral Modification of the Parties' Lease

■ To determine whether the trial judge erred in finding that the parties had agreed to an oral modification of their lease, the Court must first satisfy itself that the nature of the proceedings before the Superior Court are appropriately characterized. In so doing, this Court is guided by the proposition that FED actions are summary in nature. Furthermore, Virgin Islands statutes governing such actions "must be strictly followed and narrowly construed." *See Suarez v. Christian*, 18 V.I. 581, 1981 U.S. Dist. LEXIS 9348, at *9-10 (D.V.I. 1981).

FED actions are codified at Title 28, Sections 781-95 of the Virgin Islands Code (the "FED Statute"). A landlord may bring an FED action "[w]hen a forcible entry is made upon any premises . . . ." V.I. CODE ANN. tit. 28, § 782. The statute provides that a forcible entry exists where the tenant "fails or refuses to pay any rent due on the lease or agreement under which he holds, or deliver up the possession of the premises for three days after demand made for such possession [or] continues in the possession of any premises at the expiration of the time limited in the lease or agreement . . . ." *Id.* § 789.

Except as provided elsewhere in the FED Statute, FED actions are "conducted in the same manner as other civil actions." *Id.* § 784. To commence such an action, it is sufficient for the landlord to state in the complaint "a description of the premises with convenient certainty, that the defendant is in possession thereof, that he entered upon the same with force, or unlawfully holds the same with force, as the case may be, and that the plaintiff is entitled to the possession thereof." *Id.* § 783. A summons must be served and returned within three days of the filing the complaint, after which the defendant must appear within three days. *Id.* § 785. Upon a determination that the landlord is entitled to possession, the

court issues a judgment of restitution, directing the marshals to dispossess the tenant and deliver the property to the landlord. *Id.* § 787.

 FED actions "are summary actions to determine rights of peaceable possession of real property. They are a peaceful alternative to the often violent exercise of a property owner's right of self-help." *Estate of Thomas Mall, Inc. v. Territorial Court of Virgin Islands*, 923 F.2d 258, 264 (3d Cir. 1991) (citation omitted), *cert. denied*, 502 U.S. 808, 112 S. Ct. 50, 116 L. Ed. 2d 28 (1991). The Third Circuit has explained that

> [i]n exchange for revoking their right to repossession by force, the [FED] statute provides a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted.

*C.M.L., Inc. v. Dunagan*, 904 F.2d 189, 190 (3d Cir. 1990). The jurisdiction of a court hearing an FED action

> is confined to determining the issue of peaceable possession and does not extend to (a) an adjudication of title or (b) the right to possession; nor can the justice adjudicate a right of possession that depends on an equitable interest in the premises [] or inquire into equitable rights and give relief to which the party might be entitled in equity.

*Inter Car Corp. v. Discount Car Rental*, 21 V.I. 157, 158 (V.I. Terr. Ct. 1984).

 "Where a tenant is retaining possession by force, relief is available in a summary FED proceeding only if there 'is an undisputed oral or written lease agreement, and rent is due and owing thereon; or there is an undisputed oral or written lease which has expired.' Conversely, 'a FED cause of action will not lie where title to the premises is in question; or where there is proved to the Court to exist a bona fide question of the existence of a lease at law or in equity, which has not yet expired.' " *Dunagan*, 904 F.2d at 191 (quoting *Inter Car Corp.*, 21 V.I. at 159-160).

 Here, the proceeding before the Superior Court bears the traditional indicia of an FED action. Four Winds' complaint is captioned as an "Action for Forcible Entry and Detainer." [Appellant's App'x at 10.] In accordance with the FED Statute, the complaint sets forth in simple terms the basic facts of the case: (1) Four Winds own certain real property; (2) White is in possession of that property; (3) White's possession is unlawful; and (4) and Four Winds is entitled to possession. *See* V.I. CODE ANN. tit. 28, § 783.

Within a matter of a few weeks after the filing of the complaint, the trial court held a hearing on the matter.[4] *See, e.g., Mapes Monde, Ltd.*, 337 F. Supp. 2d at 708 (finding that an action was an FED action where, *inter alia*, "[t]he trial judge held an initial hearing on the matter less than two weeks after the complaint was filed and resolved the case in [the plaintiff's] favor in a brief hearing a few days later"). There is no evidence in the record that the short period of time preceding the hearing included "the full discovery and pre-trial proceedings associated with any usual civil action." *See, e.g., Mapes Monde, Ltd.*, 337 F. Supp. 2d at 708 (citing V.I. CODE ANN. tit. §§ 28, 283-85 (setting forth requirements for the complaint, answer, and jury verdict for an action to recover possession)).

At the hearing, the trial judge heard the arguments of counsel and the testimony of witnesses. *See* V.I. CODE ANN. tit. 28, § 784. The arguments and testimony generally centered on Four Winds' ownership of the leased premises, the existence of the lease between Four Winds and White, White's holdover possession of the premises, and Four Winds' recovery of possession. The evidence showed the existence of an undisputed written lease between Four Winds and White that had expired. *See, e.g., Dunagan*, 904 F.2d at 191.

Moreover, the remedy that Four Winds sought — repossession of the premises — is consistent with the sole remedy available in an FED action. *See, e.g., Suarez*, 18 V.I. at 589[5] (finding persuasive authority in the U.S. Supreme Court's interpretation of an Oregon FED statute identical to that of the Virgin Islands to the effect "that the only award a plaintiff can

---

[4] Section 785 of the FED Statute provides, in part:

Upon the filing of the complaint, a summons shall be served and returned within 3 days, requiring the defendant to appear within 3 days after service thereof, and show cause why a judgment of dispossession should not be entered against him.

V.I. CODE ANN. tit. 28, § 785.

The record does not reflect why the hearing was held approximately one month after the filing of the complaint. It appears, however, that a hearing on the complaint was held at an earlier date, but continued until Four Winds produced a certificate of good standing. [Appellant's App'x at 37-38.]

[5] The *Suarez* Court explained:

The introduction to the Virgin Islands FED form of execution is identical to the Oregon section, and the execution form is similar. While the Oregon interpretation of this section is not controlling on this Court, it is another indicator that damages for past rent due are not envisioned in the Virgin Islands FED statute.

*Suarez*, 18 V.I. at 589-590.

recover in a FED action in Oregon is restitution of possession") (citation omitted). Indeed, following the entry of judgment, a "writ of restitution" issued from the Superior Court. That writ was based on the judgment of the Superior Court, stated that White was in unlawful possession of Four Winds' property, and directed the marshals service to dispossess White and deliver the property to Four Winds after sixty days. The writ generally tracks the language of the sample writ of execution provided by the FED Statute. *See* V.I. CODE ANN. tit. 28, § 787 ("The execution, should judgment of restitution be rendered, may be in the following form: . . . .").

Finally, although there was some suggestion by the trial judge that the nature of the proceeding was disputed[6], the trial judge did not, either during the proceedings or in the subsequent judgment, explicitly characterize what was brought as an FED action as any other sort of civil action. *See, e.g., Mapes Monde, Ltd.*, 337 F. Supp. 2d at 708 (finding that an action was an FED action as opposed to an action to recover possession because, *inter alia,* "at no point in the hearing did the trial judge state he was adjudicating the matter as a civil action to recover possession for non-payment of rent"). Nor is there any evidence in the record that Four Winds' action was converted into a normal civil action or transferred to the Superior Court's docket for actions that afford jurisdiction over a broader range of issues than those adjudicated in FED actions. *See, e.g., Saja Cloth v. Mongoose Junction II*, 32 V.I. 315, 162 F.R.D. 91, 94 (D.V.I. 1995) (stating that there are "no limitations . . . on the power of the [Superior] Court to consolidate cases or to 'transfer' an action to a docket where the exercise of jurisdiction of the subject of the case is proper").[7]

■ In sum, the characteristics of the proceeding before the Superior Court are those of an FED action. As such, the jurisdiction of the Superior

---

[6] In ruling that White could stay on the premises for an additional sixty days, the trial judge stated that "there is some concerns here with respect to the nature of this action." [Appellant's App'x at 82.]

[7] Indeed, despite the trial judge's apparent misgivings about the nature of the hearing, the judgment of the Superior Court is nevertheless captioned as an "Action for Forcible Entry Detainer and Restitution." [Appellant's App'x at 1.] In addition, at the hearing the trial judge prefaced his findings of fact and conclusions of law with the following statement:

This matter is before the Court in a complaint by Four Winds Plaza Corporation alleging that Mr. Celestino White, doing business as Celestino White Bar and Grill, should vacate the premises. In other words, the plaintiff is seeking restitution of the premises now occupied by Senator White.

Court was limited to the adjudication of issues that "did not raise a colorable claim of right under a lease agreement, or issues of damages, or for collection of unpaid rents", *see Floyd v. Hoheb*, 38 V.I. 62, 64-65 (V.I. Terr. Ct. 1997) (citation omitted), and thus any issue outside the scope of Four Winds' right of possession was not properly before the trial judge. *See, e.g., Estate of Thomas Mall, Inc.*, 923 F.2d at 264 ("As soon as a defendant in possession in an FED action raises a colorable defense requiring construction of an agreement between the property owner and the party in possession, an FED action will not lie.") (citation omitted); *Suarez*, 18 V.I. at 590 ("Just as plaintiff is barred from introducing extraneous issues in the summary proceeding of an FED action, so defendant cannot interpose counterclaims or cross-complaints not relevant to the right of immediate possession.") (citations omitted).[8]

Accordingly, that portion of the Superior Court's judgment predicated on a finding of an oral modification of the parties' lease will be vacated. *See, e.g., Mapes Monde, Ltd.*, 337 F. Supp. 2d at 708-09 (vacating the trial judge's award of costs and attorneys' fees upon finding that the

---

· [Appellant's App'x at 80.] That characterization of the proceedings accords with the standard description of an FED action. *See, e.g., Dunagan*, 904 F.2d at 190-91 (noting that in an FED action, "a property owner . . . can quickly receive a judicial declaration of his right of occupancy and an order directing the marshal to remove the defendant and restore possession to the property owner").

8 It is worth noting that this Court, sitting in its trial capacity, has held that:

a court does not lose its common law subject matter jurisdiction simply because a special, statutory summary process must be abandoned. Nor is the inclusion of non-possessory issues necessarily anathema to a dispossession suit.

*Saja Cloth v. Mongoose Junction II*, 32 V.I. 315, 162 F.R.D. 91, 93-94 (D.V.I. 1995) (citation omitted). That holding, however, is not dispositive of the issues raised in this appeal for at least two reasons.

First, in *Saja*, the then-Territorial Court of the Virgin Islands consolidated an FED action and a debt action. That consolidation allowed the Territorial Court to exercise its "broad jurisdiction over landlord-tenant disputes and [to] grant the full range of remedies, including restitution of premises, available under the common law." *Saja Cloth*, 162 F.R.D. at 93. In this matter, there was no such consolidation before the Superior Court.

Second, the *Saja* Court relied on *Favors v. Arnold*, 181 Ga. App. 286, 351 S.E.2d 641 (Ga. Ct. App. 1986) for the proposition that dispossessory actions may include nonpossession issues. *Favors* is distinguishable from the matter now before the Court because in *Favors*, "entitlement to relief other than possession of the premises had been alleged and demanded and a judgment sought while the issue of possession was viable." 351 S.E.2d at 643. Here, the only remedy alleged in the complaint — and, indeed, the only remedy supplied by the Superior Court — is possession.

proceedings before the trial judge were consistent with an FED action and that costs and fees are not normally available in such actions).

## B. The Sixty-Day Period to Vacate

Four Winds also contends that the trial judge erred by allowing White sixty days to vacate the premises rather than requiring him to leave immediately, or within the two-week period Four Winds requested before the Superior Court.

■ There is nothing in the record to indicate whether White has in fact vacated the premises. Given the fact that this appeal has been pending beyond the sixty-day period granted by the trial judge, the Court will remand this matter to the Superior Court for a determination whether the issue is now moot.

## IV. CONCLUSION

The record of the proceedings before the Superior Court demonstrates that this matter was tried and resolved as an FED action. Consequently, the trial judge erred in considering evidence of an oral modification of the lease between the parties. Accordingly, the portion of the Superior Court's judgment finding an oral modification of the lease will be vacated. With respect to the trial court's decision to allow White sixty days to vacate, the Court will remand this matter to the Superior Court for a determination whether that issue is moot. An appropriate order follows.