**DAVID PAYNE, JR., Plaintiff/Appellee**
**v.**
**MICHAEL LEHTONEN, Defendant/Appellant**

Civil No. ST-09-CV-614
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
June 30, 2011

DAVID PAYNE, JR., Estate Anna's Retreat, St. Thomas, USVI, *Plaintiff/ Appellee, Pro se.*

MICHAEL LEHTONEN, Bjerge Gade, St. Thomas, USVI, *Defendant/ Appellant, Pro se.*

HOLLAR, *Judge*

## MEMORANDUM OPINION

(June 30, 2011)

### I. INTRODUCTION

On March 18, 2010, Appellant/Defendant Michael Lehtonen filed a Motion to have Orders [entered by the Magistrate] Reviewed by the Superior Court pursuant to Superior Court Rule 322 *et seq.* No opposition and/or brief was filed by Appellee/Plaintiff David Payne, Jr. in this appeal. For the following reasons, the Magistrate's decisions on January 15, 2010 and February 16, 2010 are AFFIRMED.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On December 29, 2009, Appellee/Plaintiff David Payne, Jr. ("Plaintiff") brought a forcible entry and detainer ("FED") action against his tenant Appellant/Defendant Michael Lehtonen. In his complaint, Plaintiff David Payne, Jr. alleges the parties had a rental agreement for the property owned by Plaintiff and located at Bjerge Gade #2, St. Thomas,

Virgin Islands. The agreement required Appellant/Defendant Michael Lehtonen ("Defendant") to make monthly rental payments of $850.00 to the Plaintiff. On several occasions, Defendant failed to make timely rent payments. On November 3, 2009, Plaintiff served Defendant with a thirty (30) day notice requiring Defendant to quit the premises by December 3, 2009, failing which, legal action would result. Because the Defendant failed to vacate the premises, as required by the notice, Plaintiff filed for a forcible entry and detainer summary proceeding in the Magistrate Division of the Superior Court on December 29, 2009 to *inter alia* regain possession of the premises. On January 7, 2010, Defendant filed an Answer and Counterclaim along with a Motion for Injunctive Relief and Other Special Relief.

On January 12, 2010, this matter came on for a hearing before the Magistrate. Plaintiff appeared *pro se* while the Defendant failed to appear despite being duly served on January 5, 2010 with a summon and complaint. After hearing testimony from the Plaintiff, the Magistrate rendered the action moot because the Defendant had already vacated the premises. Additionally, the Magistrate held that no other relief beyond restitution of the premises was available in a FED action. On January 15, 2010, an Order was entered by the Magistrate dismissing the matter *with* prejudice.

On January 25, 2010, Defendant Michael Lehtonen filed his Motion to Partially. Set Aside Judgment. In his motion, Defendant requested that the Magistrate's judgment issued on January 13, 2010 be reconsidered in order to resolve his counterclaim.[1] On February 16, 2010, an Order was entered by the Magistrate, which modified the dismissal Order of January 15, 2010 to reflect that the Defendant's counterclaim was dismissed *without* prejudice instead of with prejudice. The Order further explained that the Magistrate's Division lacks jurisdiction to consider an award for money damages in a FED action and such claims must be filed in a small claims and/or civil action.

On March 10, 2010, Defendant filed a renewed motion to set aside the Magistrate's January 15, 2010. In his motion, Defendant explained that

---

[1] The Court notes that no judgment or Order was issued by a Magistrate on January 13, 2010, as the Defendant's motion states. However, at the hearing on January 12, 2010, the Magistrate issued a verbal Order dismissing this matter, which was later followed up by a written dismissal Order on January 15, 2010.

the January 15, 2010 and the February 16, 2010 Orders should be set aside since the Magistrate did not consider his counterclaim.

On March 18, 2010, the Defendant filed a motion to have the Magistrate's Orders reviewed by the Superior Court and on October 29, 2010, Defendant filed an appeal brief. Plaintiff has not filed an opposition motion and/or brief in this appeal.

## III. ANALYSIS

The issue before this Court for resolution is whether the Magistrate erred by dismissing without prejudice this matter without ruling upon Defendant's counterclaim.

### A. Jurisdiction and Standard of Review

██ A Superior Court judge has jurisdiction to review judgments and orders issued by a Magistrate, as a result of the Magistrates' exercising their original jurisdiction as provided for at 4 V.I.C. 123(a). An Order or judgment for restitution in a forcible entry and detainer action is a matter that a Superior Court Judge may review if appealed. *In Re: Order Establishing Interim Procedures for Review of Magistrate Decisions (Interim Procedure)*, Misc. No. 30/09[2], and SUPER. CT. R. 322.1 and *See H&H Avionics, Inc. v. V.I. Port Authority*, 52 V.I. 458 (Terr. Ct. 2009). A petitioner has ten (10) days to file a notice of appeal from an adverse decision from a Magistrate otherwise the right to appeal or object to a Magistrate's judgment will be deemed waived and the judgment will become final. *See In Re: Order Establishing Interim Procedures for Review of Magistrate Decisions*, Misc. No. 30/09, and SUPER. CT. R. 322.1.

When reviewing appealable orders from the Magistrate, the Superior Court judge is required to apply a mixed standard of review. Thus, a Magistrate's findings of facts may be reverse only if they are clearly

---

[2] At the inception of this matter, the appellate procedure for magistrate appeals were govern by interim rules established by the Presiding Judge of the Superior Court on December 31, 2009. *See In Re: Order Establishing Interim Procedures for Review of Magistrate Decisions*, Misc. No. 30/09. However on November 22, 2010, Superior Court Rule 322, which is the permanent procedure for review of Magistrate Decisions, was established and superseded all previously, established rules. *See In Re: Order Amending the Rules Governing Review of Magistrate Decisions*, Misc. No. SX-10-MC-30.

erroneous while the Magistrate's conclusions of law are afforded a plenary review. SUPER. CT. R. 322.3.

## B. Defendant's Motion is not eligible for appellate consideration by a Judge of the Superior Court pursuant to Rule 322.1

■ Dissatisfied with the Magistrate's Order, the Defendant filed two motions, to wit: Renewed Motion to Set Aside Judgment on March 10, 2010 and Motion to have the Magistrate Orders Reviewed by the Superior Court on March 18, 2010. Given the content of these *pro se* motions and the Defendant's Brief filed on October 29, 2010, it is evident that the Defendant intended to appeal the judgment of the Magistrate in this matter pursuant to 4 V.I.C. 125.[3]

Under the Rules of the Superior Court which gives effect to the provision of 4 V.I.C. 125 and 126, "[p]etitions for review under this section must be filed with the Clerk of the Court within ten (10) days after entry of the order sought to be reviewed and a copy served on the opposing party." SUPER. CT. R. 322.1(b)(2) and Interim Procedures, Section 2(b). No review may be decided by a judge, unless a petition has been timely filed and the filing fee has been made in accordance to the Superior Court Rules. SUPER. CT. R. 322.1(b)(3) and *see* Interim Procedures, Section 2(d). "Failure to adhere to the deadlines set by the Court may result in dismissal for failure to prosecute, without further notice to the party." SUPER. CT. R. 322.1(j) and *see* Interim Procedures, Section 2(d).

In this case, an Order was entered by the Magistrate on February 16, 2010, which modified the January 15, 2010 dismissal Order to reflect that the Defendant's counterclaim was dismissed without prejudice instead of with prejudice. Pursuant to the Court rules, the party seeking review of the Magistrate's Order is required to file a notice of appeal within ten (10) days. Defendant filed his Renewed Motion to Set Aside Judgment on March 10, 2010 and Motion to have Orders Reviewed by the Superior Court on March 18, 2010. For review purposes, Defendant's motions are considered to be his appeal petition. Rule 322.1(b)(1)(E). Given March 10, 2010 was the earliest notice of or petition for appeal, that date was in

---

[3] Because the Defendant's Motions expressed his intent to appeal the Magistrate's Orders on January 15, 2010 and February 16, 2010, the Court will treat these Motions as his petition for review under SUPER. CT. R. 322.1(b)(1)(B).

excess of the ten (10) days after the January 15, 2010 or the February 16, 2010 Orders and was thus untimely pursuant to SUPER. CT. R. 322.1 and Interim Procedures. Furthermore, there is no evidence that the Defendant requested an extension to file an appeal petition.[4]

In review of Defendant's motions, however, it appears that he misunderstood the proper venue, filing deadlines, and calculation of time for filing an appeal. In Defendant's March 18, 2010 motion, he states the following: "[i]t is understood that there is some discrepancy in the appeal to the Supreme Court in civil actions (30 days in which to file) and the apparent 14-day requirement for this type of appeal or motion." In light of Defendant's motions, and the rule changes at the time of his appeal, it is apparent that further explanation of the applicable rules is unwarranted.

At the time the Defendant filed his "motions" for appeal, the Superior Court's Interim Procedure govern the appeal process for review of magistrate decisions. *See* Interim Rules, Misc. No 30/09. Under these procedures, an appeal petition was to be filed with the Clerk of the Court within ten (10) days after entry of the magistrate's order sought. *Id.* at 2. Filing procedures for petitions that were mistakenly filed in the Virgin Islands Supreme Court instead of the Superior Court were also addressed. Under the Interim Procedures, an appellant's petition would be deemed filed at the Superior Court as of the date so filed in the incorrect forum upon proof of timely filing in an incorrect forum. *Id.* at 5. Rule 322.1 has since replaced the Interim Procedures but has adopted these same rules for appeal.

■ Pursuant to Rule 322.1 and the Interim Procedures, Defendant's petition is not a reviewable matter since the Defendant's petition was filed after the March 2, 2010 filing deadline. There is also no evidence of an extension request or proof of a timely filed petition in the incorrect forum by the Defendant. Given these factors, the Court lacks jurisdiction to determine Defendant's appeal petition since it was untimely pursuant to Rule 322.1 and the Interim Procedures.

---

[4] Under Rule 322.1, extensions of the filing period for petitions are prohibited. SUPER. CT. R. 322.1(b)(2)(B). However, the interim rules are silent on this issue, thus SUPER. CT. R. 9 would apply. Under Rule 9, the filing period may only be extended thirty (30) days upon a party's motion that shows excusable neglect. In this case, the Defendant has failed to provide any written explanations for his untimely appeal petition.

## C. Magistrate did not erred by dismissing this matter without making a determination of Defendant's counterclaim.

■ Even if the procedural defect in Defendant's petition was excused, Defendant's claim that the Magistrate erred in dismissing the case without deciding the merits of his counterclaim would fail. Pursuant to 4 V.I.C. 123, a magistrate may hear and determine forcible entry and detainer ("FED") cases as defined in Chapter 31 of Title 28 of the Virgin Islands Code. Since FED cases are summary in nature, the Virgin Islands statutes are "strictly followed and narrowly construed" by the Court. *Four Winds Plaza Corp. v. White*, 50 V.I. 520, 524 (D.V.I. 2008).

■ In an FED action, a landlord may bring suit against a tenant, who unlawfully holds a premise by force. 28 V.I.C. 782(a). "Upon a determination that the landlord is entitled to possession, the court issues a judgment of restitution, directing the marshals to dispossess the tenant and deliver the premises to the landlord." *Four Winds Plaza Corp. v. White*, 50 V.I. at 525. Since FED is a summary action, the sole remedy is restitution of the premises to the landlord. Counterclaims and third-party complaints are strictly prohibited. *See* 28 V.I.C. 787.

■ SUPER. CT. R. 37 states:

> Summary proceedings between landlord and tenant for recovery of possession of the premises and for forcible entry and detainer which brought under the provision of 28 V.I.C. 781 et seq. shall not be joined with any other cause of action; *nor shall a defendant, in any such proceeding, be permitted to file a counterclaim or third-party complaint,* although the defendant is permitted to raise any defenses he may have to the plaintiffs cause. (Emphasis added).

Claims not allowed by FED proceedings may be raised in a separate legal action within the small claims or civil division of the Superior Court. *See* SUPER. CT. R. 37.

■ In this case, Defendant argues the Magistrate erred in dismissing the case without deciding the merits of his counterclaim. On February 16, 2010, the Magistrate entered a modified Order, dismissing the case *without* prejudice, which correctly ruled:

> [T]his court does not have jurisdiction to make an award of money damages in an action for Forcible Entry and Detainer, neither to Plain-

tiff or Defendant. Instead any action for money damages must be filed in a small claims court or in the alternative in a civil action.

## IV. CONCLUSION

Pursuant to Rule 322.1 and the Interim Procedures, Defendant's petition is not a reviewable since it was filed after the requisite ten (10) day filing period for appeal petitions. There is also no evidence that an extension was requested or proof of filing was made in the incorrect forum by the Defendant. Given these factors, the Court lacks jurisdiction to determine Defendant's petition.

Even if the above procedural defects could be excused, the Court, like the Magistrate, is barred from determining the merits of the Defendant's counterclaim because SUPER. CT. R. 37, prohibits counterclaims in FED action. Accordingly, Magistrate's Orders on January 15, 2010 and February 16, 2010 are AFFIRMED.