**ROBERT L. MERWIN & CO., INC., and MARITIME CONTRACTORS**

**v.**

**DONALD S. STRONG, and CARGO SERVICES, INC.**

Civil No. 160-1968

District Court of the Virgin Islands

Div. of St. Croix

March 24, 1969

JAMES, HODGE & TONKIN, ESQS., *for plaintiff*

EDWARD J. OCEAN, ESQ., *for defendant*

MARIS, *Circuit Judge*

## OPINION

MARIS, *Circuit Judge*

This is an appeal by the plaintiffs from a judgment of the Municipal Court awarding the defendant, Cargo Services, Inc., judgment against the plaintiffs for the possession[1] of a warehouse at 9 Strand Street, Frederiksted, and compen-

---

[1] The formal judgment entered July 5, 1968 states that "the defendants have judgment against Robert L. Merwin & Co., Inc." without specifying for what relief judgment is given. But I read this in the light of Judge Joseph's oral discussion rendered at the close of the trial on June 28, 1968 that "first of all I give judgment for Cargo Services, Inc., against Robert L. Merwin & Company for possession of the premises located at No. 9 Strand Street".

satory and punitive damages. The suit, for possession of the warehouse in controversy, damages and an injunction, was brought by the plaintiffs against the defendants who counterclaimed for similar relief, which after a trial the Court granted by the judgment under appeal.

It appears that on January 1, 1966 in connection with the sale of a cargo handling business by Merwin & Co. to Cargo Services, Merwin & Co. leased the warehouse at No. 9 Strand Street to Cargo Services for a term of five years, ending December 31, 1970, with a provision that it would be surrendered upon 6 months written notice. On December 8, 1967 Merwin & Co. notified Cargo Services that the lease would be terminated as of June 15, 1968 on which date Cargo Services was requested to surrender possession. However on March 1, 1968 the parties entered into a new lease agreement covering this and other warehouse properties for the period from February 1, 1968 to December 31, 1971 at the same rentals, $525.00 per month in the case of the warehouse here in controversy. Paragraph 6 of this lease agreement provided in pertinent part:

"6. Anything hereinabove to the contrary notwithstanding, it is specifically agreed that the reserved rent for the premises known as #9 Strand Street, Frederiksted, St. Croix, V.I. shall be at the rate of $525.00 per month until June 15, 1968, and shall be subject to renegotiation thereafter as per letter from Lessor to Lessee dated December 8, 1967. It is further agreed that the tenancy of the premises known as #9 Strand Street . . . shall be subject to termination, at any time, at the election of Lessor upon six (6) months written notice to Lessee."

█ █ Taking the position that the lease agreement of March 1, 1968 did not operate to extend the lease of Cargo Services on the 9 Strand Street warehouse beyond June 15, 1968, Merwin & Co. about the 21st of June, 1968 forcibly took possession of the warehouse by breaking a

284

lock which the defendants had placed thereon and entering the building. I agree with the Municipal Court that Cargo Services, by virtue of the March 1, 1968 lease agreement, had a valid subsisting lease of the warehouse continuing after June 15, 1968 and that the action of Merwin & Co. amounted to forcible entry and detainer. In defense of its action Merwin & Co. relies upon paragraph 6 of the March 1, 1968 lease agreement, particularly the statement that "the reserved rent . . . shall be at the rate of $525.00 per month until June 15, 1968, and shall be subject to renegotiation thereafter, as per letter . . . dated December 8, 1967." Somehow, this language is thought to bring into the new agreement the notice of termination as of June 15, 1968 which was given by the letter of December 8, 1967. The Municipal Court, however, did not think so nor do I. The acceptance of the new lease of March 1, 1968 involved the implied surrender of the old lease of January 1, 1966, 32 Am. Jur., Landlord and Tenant § 910, and the notice of termination given under the old lease fell with it. The reference to the letter of December 8, 1967 relates solely to the renegotiation of the rental rate and not to the renewal of the lease. The fact that the December 8, 1967 letter does not deal with renegotiation of rental is immaterial. The language is that of Merwin & Co. and if it is ambiguous, as it appears to be, the ambiguity must be resolved against that corporation as its draftsman, 32 Am.Jur., Landlord and Tenant § 128. Moreover the presence in paragraph 6 of an express provision authorizing the lessor to terminate the lease on the 9 Strand Street warehouse on six months written notice definitely negatives the idea that the lease was to terminate at all events on June 15, 1968, only three and one-half months later. I conclude that the Municipal Court rightly granted Cargo Services judgment for possession of the warehouse.

In addition the Court awarded the defendants punitive damages of $500.00 and compensatory damages of $28.33 per day from June 17, 1968 until the plaintiffs vacate the premises. I find no error in either of these awards. It appears that as of June 17, 1968 Merwin & Co. granted a lease of this warehouse to Maritime Contractors, the other plaintiff, and following its forcible entry put that corporation in possession. The possession of the plaintiffs, since it was gained forcibly, was unlawful, and the defendant, Cargo Services, was entitled to maintain its counterclaim to recover possession, 28 V.I.C. § 782, and for damages for the trespass involved. 22 Am. Jur., Forcible Entry and Detainer § 11. $28.33 appears to be the rental rate under that lease reduced to a daily basis. In any event, it is the amount which both plaintiffs and defendants assert in their pleadings to be the rental value of the warehouse to which they claim to be entitled. Accordingly, the Court did not err in fixing at this amount the value of the premises of which Cargo Services had been unlawfully denied possession by the plaintiffs and awarding it to Cargo Services by way of compensatory damages. So far as punitive damages are concerned they are awardable in the sound discretion of the Court and under the circumstances of this case I cannot hold that the Court abused its discretion in awarding $500.00 on this score.

The judgment of the Municipal Court will be affirmed with costs and an attorney's fee of $250.00.