CARGO SERVICES, INC.

v.

ROBERT L. MERWIN, ROBERT L. MERWIN & CO., INC. and WEST INDIES TRADING CORP., d/b/a Maritime Contractors

Civil No. 175-1968

District Court of the Virgin Islands

Div. of St. Croix

June 11, 1969

*See, also, 7 V.I. 282, 567*

EDWARD J. OCEAN, 26 Company St., Christiansted, St. Croix, Virgin Islands, *for plaintiff*

JAMES, HODGE & TONKIN (RONALD H. TONKIN, of counsel), Christiansted, Virgin Islands, *for defendant* (Merwin)

GRUNERT & STOUT (JOHN E. STOUT, of counsel), St. Thomas, Virgin Islands, *for defendant* (West Indies Trading Corp.)

MARIS, *Circuit Judge*

OPINION SUR MOTIONS FOR SUMMARY JUDGMENT

This case presents further phases of the controversy between Robert L. Merwin & Co. and Cargo Services which were before this court in Civil Actions Nos. 130-1968 and 160-1968, Division of St. Croix, 7 V.I. 282. The plaintiff's complaint in its first cause of action alleges a contract of January 1, 1966 between Merwin & Co. and Cargo Services under which Merwin's cargo handling business at the Frederiksted pier was sold and transferred to Cargo Services and further alleged that Merwin & Co. breached the contract by commencing on or about June 23, 1968 and thereafter continuing to conduct cargo handling business at the pier to the plaintiff's damage in the sum of $50,000 for which it prays judgment against defendants Merwin and Merwin & Co. The answer of Merwin and Merwin & Co. denies all these allegations except the existence of the contract.

The second cause of action set up in the plaintiff's complaint alleges a conspiracy between Merwin, Merwin &

Co. and West Indies Trading Corp. to prevent Cargo Services from conducting the cargo handling business at the Frederiksted pier and to induce Merwin & Co. to breach its agreement with Cargo Services dated January 1, 1966 for the sale of the cargo handling business and its lease dated March 1, 1968 for the leasing of certain warehouses in Frederiksted to be used in the cargo handling business. It further alleges acts in furtherance of the conspiracy including the entry by Merwin & Co. and West Indies Trading Corp. into an agreement under which the latter, doing business as Maritime Contractors, in cooperation with Merwin & Co. would carry on the cargo handling business at the Frederiksted pier which it proceeded to do on and after June 23, 1968, on which date Merwin broke into the warehouse at No. 9 Strand Street, Frederiksted, then occupied by Cargo Services as tenant under the lease agreement of March 1, 1968, and delivered possession of the warehouse to West Indies Trading Corp. for use in its new cargo handling business. The plaintiff alleges that it is the sole cargo handling contractor at the Frederiksted pier recognized by the Territorial Department of Commerce, that as the result of the alleged conspiracy it has been deprived of the cargo handling business at the Frederiksted pier to its damage in the sum of $300,000.00, for which sum it prays judgment against all three defendants. Except for the existence of the contract and lease agreement and the fact that Cargo Services had engaged in the business of cargo handling at the Frederiksted pier since January 1966 the answer of Merwin and Merwin & Co. denied all the plaintiff's allegations with respect to its second cause of action.

The answer of West Indies Trading Corp. asserts that the complaint does not state any cause of action against it and denies the allegations of the complaint.

In its answer Merwin & Co. sets up four causes of action by way of counterclaim. The second cause of action in the counterclaim alleges the execution of the agreement dated January 1, 1966 between Merwin & Co. and Cargo Services for the sale of the cargo handling business, and the execution and delivery on March 1, 1968 of a promissory note by Cargo Services to Merwin & Co. on which there is owing $1,821.51 plus interest from March 1, 1968 and $21,099.73 plus interest from July 1, 1968, and prays judgment in these amounts. The reply of the plaintiff to the second cause of action in the counterclaim admits the execution of the contract and the promissory note which it alleges was given to cover the balance of the purchase price of the business under the contract of January 1, 1966 and admits that it stopped making installment payments on the note when Merwin & Co. entered into its cargo handling and lease agreement with West Indies Trading Corp. doing business as Maritime Contractors, thereby wilfully preventing it from carrying on the cargo handling business and frustrating the contract of January 1, 1966 under which Merwin & Co. sold that business to it.

Asserting that no genuine issues of fact are involved, defendants Merwin and Merwin & Co. have moved for summary judgment in their favor on the plaintiff's first and second causes of action. In support of their motion they seek to set up by way of collateral estoppel certain findings of fact made by this court in Civil Action No. 130-1968, Division of St. Croix. Defendant Merwin & Co. also has moved for summary judgment in its favor on the second cause of action set out in its counterclaim. And defendant West Indies Trading Corp. has moved for summary judgment in its favor on the plaintiff's second cause of action, the only one which affects it. All these motions must be denied.

With respect to the plaintiff's first cause of action I am satisfied that genuine issues of material fact remain as to which there is no collateral estoppel resulting from my findings in Civil Action No. 130-1968. In that case I found that Cargo Services had not been formally selected and designated by the Territorial Commissioner of Commerce as cargo handling contractor at the Frederiksted pier, but had proceeded to render the required cargo handling services. I found also that since Cargo Services had not been officially designated as contractor it was not entitled to the exclusive right to handle cargo at the Frederiksted pier and could not complain if shippers, consignees and others desired to make other arrangements for their handling. The defendants Merwin and Merwin & Co. urge that these findings resolve the issues of fact involved in the plaintiff's first cause of action. I do not agree. It does not follow that Merwin & Co. could proceed to render any and all cargo handling services at its pleasure merely because others could do so. For Merwin & Co. may be limited in its right to do so by its contract of January 1, 1966 under which it transferred its cargo handling business in gross to Cargo Services, reserving only the right to "still handle cargo consigned to it or enter into contractual agreements with individual shippers for individual shipments as a private contractor." The effect of the contract in this regard was not adjudicated in Civil Action No. 130-1968 and it may be determined upon the trial of this cause of action that Merwin & Co. is limited by the contract to the type of cargo handling service specifically described in the reserved clause, and that it has in fact performed cargo handling services outside these limited categories in violation of Cargo Services' rights under the contract. Indeed Merwin & Co. concedes on this motion that it did perform cargo

handling services prior to June 1968 although it does not indicate their nature.

By the same token, there are unresolved issues of material fact involved in the plaintiff's second cause of action. For that contains a charge of conspiracy between Merwin, Merwin & Co. and West Indies Trading Corp. to deprive Cargo Services of its cargo handling business at the Frederiksted pier. Such a conspiracy charge was not asserted in Civil Action No. 130-1968. Here not only is there the possible contractual obligation of Merwin & Co. not to deprive Cargo Services of the business which Merwin & Co. had sold to it, but there is also the adjudicated fact found by the Municipal Court in Civil Action No. 159-1968, Division of St. Croix, Frederiksted Jurisdiction, and affirmed by this court on appeal in Civil Action No. 160-1968, 7 V.I. 282, that Merwin and Merwin & Co. in June 1968 wilfully, wantonly and unlawfully entered the warehouse No. 9 Strand Street, Frederiksted, then in possession of Cargo Services as tenant under Merwin & Co. and evicted Cargo Services therefrom. This could well be found to be an overt act of the conspiracy.

The second cause of action in the counterclaim of Merwin & Co. seeks judgment for the balance due on the promissory note given by Cargo Services for the balance of the purchase price under the contract of January 1, 1966. The defense is in effect failure of consideration resulting from the alleged frustration by Merwin & Co. of the contract of January 1, 1966 for the sale of the cargo handling business. I cannot now say that under such facts as may be developed at trial this might not be a good defense. At all events it is clear that Cargo Services should have an opportunity to establish it at trial.

The motions for summary judgment will be denied.