**H&H AVIONICS, INC., Appellant/Defendant**

**v.**

**VIRGIN ISLANDS PORT AUTHORITY, Appellee/Plaintiff**

S. Ct. Civ. No. 2009-096

Supreme Court of the Virgin Islands

December 14, 2009

ESZART A. WYNTER, SR., ESQ., St. Croix, USVI, *Attorney for Appellant.*

HENRY V. CARR, III, ESQ., St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(December 14, 2009)

PER CURIAM. Appellant H&H Avionics, Inc., (hereafter "H&H") appeals from a September 17, 2009 judgment entered by a Superior Court magistrate granting restitution of two acres of land at Estate Betty's Hope, St. Croix, (hereafter "subject property") to the Virgin Islands Port

Authority (hereafter "VIPA"). For the following reasons, we shall dismiss H&H's appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2009, the VIPA initiated a forcible entry and detainer action in the Superior Court, in which it alleged that H&H had failed to timely pay rent. Although the VIPA's action was initially assigned to the Presiding Judge of the Superior Court, on July 28, 2009 the Presiding Judge re-assigned the case to a Superior Court magistrate.[1] On August 18, 2009, H&H filed both an answer and a motion to transfer the case to the Civil Division. The magistrate denied H&H's motion to transfer on September 2, 2009 and held a hearing on the VIPA's complaint on September 8, 2009. In a September 17, 2009 judgment, the magistrate ruled in favor of the VIPA and granted immediate restitution of the subject property to the VIPA.

H&H filed a notice of appeal on September 30, 2009, in which it requested that this Court review the September 17, 2009 judgment. In a November 12, 2009 order, this Court, recognizing that it is not readily apparent whether this Court has jurisdiction to hear the instant, required both parties to brief the issue of this Court's appellate jurisdiction. The VIPA and H&H filed their respective briefs on November 25, 2009 and December 13, 2009, with both parties conceding that this Court lacks jurisdiction to hear the instant appeal and that a Superior Court judge should consider H&H's appeal.

## II. DISCUSSION

■ Prior to considering the merits of an appeal, this Court must first determine if it has appellate jurisdiction over the matter. *V.I. Gov't Hosp. and Health Facilities Corp. v. Gov't*, 50 V.I. 276 (V.I. Sept. 16, 2008). "Although the parties agree that this court lacks . . . jurisdiction . . . their agreement does not relieve the court of the need to conduct an independent analysis of the jurisdictional question." *Wisconsin Bell, Inc. v. TCG Milwaukee, Inc.*, 301 F. Supp. 2d 893, 895-96 (W.D. Wis. 2002) (citing *Beerly v. Dep't of Treasury*, 768 F.2d 942, 944 (7th Cir.

---

[1]   *See* 4 V.I.C. § 123(a)(6) ("Each magistrate may . . . hear forcible entry and detainer and landlord and tenant actions.").

1985)). Consequently, we must nevertheless determine whether the magistrate's September 17, 2009 judgment is appealable to this Court.

## A. The September 17, 2009 Judgment is Not an Appealable Final Order

Pursuant to the Virgin Islands Code, "[a]ll appeals from the Magistrate Division, except as otherwise provided for in this chapter, must be filed in the Superior Court *or* to the Supreme Court, *if appealable to the Supreme Court as provided by law.*" 4 V.I.C. § 125 (emphasis added). Under 4 V.I.C. § 123(d), a party may directly appeal to the Supreme Court an order entered by a magistrate in a jury or non-jury civil matter in which the parties consented to — and the Presiding Judge approved of — a magistrate conducting all proceedings. However, the statute authorizing creation of the Magistrate Division of the Superior Court does not expressly provide for any other direct appeals of magistrate orders to the Supreme Court. Consequently, it is necessary to consider whether section 33 of title 4 — which delineates the Supreme Court's jurisdiction — would allow for other appeals of orders entered by magistrates. Except for a limited number of interlocutory appeals specifically authorized by statute,[2] the Virgin Islands Code mandates that "[a]ppealable judgments and orders to the Supreme Court shall be available *only* upon the entry of *final judgment in the Superior Court* from which appeal or application for review is taken." 4 V.I.C. § 33(a) (emphasis added). *See also* V.I. S. CT. R. 5(a)(2) ("To be appealable as of right, an order of the Superior Court must either be final or must be classified within the categories of interlocutory appeals specified in 4 V.I.C. Sections 33(b) and (c).")

██ "The general rule is that a decision is considered final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Estate of George v. George*, 50 V.I. 268, 274 (V.I. 2008) (quoting *Berke v. Bloch*, 242 F.3d 131, 134 (3d Cir. 2001)). Given the similarities between title 4, chapter 8 of the Virgin Islands Code — which authorizes creation of the Magistrate Division — and title 28, chapter 43 of the United States Code — its federal counterpart — judicial decisions of federal courts of appeals considering the finality of magistrate orders shall assist this Court in interpreting our local statute.

---

[2] *See, e.g.,* 4 V.I.C. § 33(b)-(d).

*See People v. Pratt*, 50 V.I. 318, 323 (V.I. 2008). Notably, every federal appellate court has held that orders entered by magistrates are not final because a trial court's decision-making power is ultimately vested in its judges and thus, when an order — even a dispositive one — is entered by magistrate instead of a judge, a final order from the trial court does not exist.[3] *See, e.g., Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("[W]hen, as now, a litigant could have tested a magistrate's ruling by bringing it before the district judge, but failed to do so within the allotted ten-day period, he cannot later leapfrog the trial court and appeal the ruling directly to the court of appeals."); *Siers v. Morrash*, 700 F.2d 113, 114-15 (3d Cir. 1983) ("To be a 'final' order . . . the magistrate's decision must have been reviewed by the district court, which retains ultimate decision-making power."); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) ("Appeals from the magistrate's ruling must be made to the district court . . . . The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates."); *United States v. Reeds*, 552 F.2d 170, 171 (7th Cir. 1977) ("Whatever the efficacy of the defendant's several arguments for review of the magistrate's determination of probable cause, they are misdirected when the district court has been by-passed."); *United States v. Haley*, 541 F.2d 678, 678 (8th Cir. 1974) ("[T]his Court is without jurisdiction to hear appeals made directly from the decisions of United States Magistrates . . . . There being no decision by a federal District Court here nor jurisdiction pursuant to any other statute, we are without jurisdiction to hear this appeal."); *United States v. First Nat'l Bank of Rush Springs*, 576 F.2d 852, 854 (10th Cir. 1978) ("Under 28 U.S.C. § 1291 the court of appeals is granted jurisdiction to entertain appeals from final orders. The order of the magistrate in this case could be entertained only by the district court on appeal.").

█ We agree with the federal courts and hold that, except for dispositive orders entered by magistrates in civil matters tried with the consent of the parties and the Presiding Judge pursuant to 4 V.I.C. § 123(d), orders entered by magistrates that have not been appealed to and

---

[3]    An exception exists, however, when a magistrate enters a dispositive order in a civil case in which the parties have clearly and unambiguously consented to have the matter tried before a magistrate instead of a judge. *See, e.g., Henry v. Tri-Services, Inc.*, 33 F.3d 931, 933 (8th Cir. 1994).

reviewed by a Superior Court judge do not constitute final, appealable orders. Consequently, this Court holds that a litigant does not possess the right to directly appeal a magistrate's order to this Court without first filing an appeal with a Superior Court judge.

## B. Procedures Exist for the Taking of Appeals of Magistrate Orders to the Superior Court

■ While H&H does not possess a right to directly appeal the magistrate's September 17, 2009 judgment to this Court, this Court must nevertheless consider whether the instant appeal should be dismissed for lack of jurisdiction or converted into a petition for writ of mandamus. *See United States v. Zone*, 403 F.3d 1101, 1110 (9th Cir. 2005) ("Indeed, we may even construe an appeal as a petition for writ of mandamus *sua sponte*.") (collecting cases); *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) ("We have often deemed it appropriate to treat an appeal dismissed for lack of jurisdiction as a petition for writ of mandamus."). However, an appellate court should not *sua sponte* convert an attempted appeal into a petition for mandamus unless it determines, as a threshold matter, that a direct appeal or other adequate means of attaining the desired relief is not possible. *See Zone*, 403 F.3d at 1110.

■ Although sections 123(c) and 125 of title 4 expressly allow litigants to have most orders entered by a magistrate be reviewed by a Superior Court judge, the Legislature has not codified any statute setting forth how a litigant may seek these remedies. However, the Legislature has required that procedures in the Magistrate Division be held "in accordance with the rules governing the Superior Court of the Virgin Islands," 4 V.I.C. § 120, and has authorized "[t]he Superior Court [to] promulgate rules and amendments to the Rules of the Superior Court as necessary to implement this chapter effectively." 4 V.I.C. § 126. Nevertheless, the Superior Court has not promulgated any new rules expressly explaining how a litigant may seek review of a magistrate's order with a Superior Court judge, even though it has promulgated other rules pertaining to the Magistrate Division.[4] Accordingly, while this Court lacks jurisdiction to hear direct appeals of magistrate decisions — except for those authorized by 4 V.I.C.

---

[4]  *See* SUPER. CT. R. 310-19.

§ 123(d) — both the Superior Court and the Legislature have failed to clearly articulate how a litigant may obtain from a Superior Court judge the relief required to eventually vest this Court with jurisdiction over an order entered by a magistrate. Therefore, in the event that it was never possible for H&H to appeal the magistrate's September 17, 2009 judgment to a Superior Court judge, this Court may properly convert H&H's notice of appeal to a petition for writ of mandamus. *See Zone*, 403 F.3d at 1110.

■ This Court is satisfied, however, that procedures exist that would have allowed H&H to appeal the magistrate's judgment to a Superior Court judge. Pursuant to Superior Court Rule 7, "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by the Rules of the District Court, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence." While the Superior Court has not promulgated its own rules governing Superior Court review of a magistrate's orders, these matters are expressly addressed by Federal Rule of Civil Procedure 72 and Local Rules of Civil Procedure 72.2 and 72.3, which collectively authorize a party to request that a judge review dispositive and non-dispositive orders entered by a magistrate in civil cases other than those tried by a magistrate with the consent of the parties by filing written objections to the magistrate's decision within fourteen days together with any pertinent hearing transcripts. Consequently, this Court shall dismiss the instant appeal for lack of jurisdiction and will not exercise its discretion to convert H&H's notice of appeal into a petition for writ of mandamus.[5]

## III. CONCLUSION

This Court lacks jurisdiction to hear H&H's appeal because neither title 4, section 33 of the Virgin Islands Code nor any other statute authorizes H&H to appeal the magistrate's September 19, 2009 judgment

---

[5]   Because this Court lacks jurisdiction over the instant appeal, and since a party's failure to seek a remedy available to it does not authorize the extraordinary relief of mandamus, it is not necessary or proper for this Court to determine whether H&H's September 30, 2009 notice of appeal to this Court may be construed as a timely notice of appeal to the Superior Court or whether the fourteen day period to file a written objection to a magistrate's order pursuant to FED. R. CIV. P. 72 may be equitably tolled or extended. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 328 n.8 (V.I. 2007).

without first obtaining review of that judgment by a Superior Court judge. Moreover, because Federal Rule of Civil Procedure 72 and Local Rules of Civil Procedure 72.2 and 72.3 provide a process through which H&H may appeal a magistrate's decision to a Superior Court judge, this Court is satisfied that an adequate means of obtaining Superior Court review of the magistrate's September 19, 2009 judgment was available to H&H. Accordingly, we dismiss H&H's appeal.