**MICHAEL LEHTONEN, Appellant/Defendant**
**v.**
**DAVID PAYNE, JR., Appellee/Plaintiff**

S. Ct. Civil No. 2011-0065

Supreme Court of the Virgin Islands

August 1, 2012

MICHAEL LEHTONEN, St. Thomas, USVI, *Pro se*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(August 1, 2012)

CABRET, *Associate Justice*. Appellant Michael Lehtonen was the tenant of an apartment owned by Appellee David Payne, Jr.[1] After Lehtonen fell behind in paying the rent, Payne filed a forcible entry and detainer ("FED") action · with the Magistrate Division of the Superior Court seeking Lehtonen's detainer ("FED") action with the Magistrate Division of the Superior Court seeking Lehtonen's eviction. The magistrate,

---

[1] Although given an opportunity, Payne did not file a brief with this Court or otherwise participate in this appeal.

however, determined that Lehtonen voluntarily moved out of Payne's property during the pendency of the FED action, thus found the action was moot and dismissed the case. Lehtonen appealed that decision to the Superior Court, arguing that the magistrate should not have dismissed the case without first addressing Lehtonen's counterclaims against Payne. The Superior Court affirmed the decision of the magistrate, and Lehtonen, in turn, appealed to this Court. For the reasons which follow, we affirm the Superior Court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

On November 3, 2009, Payne, as landlord, served Lehtonen, his tenant, with a thirty-day notice requesting that Lehtonen quit the premises by December 3, 2009 for failure to pay rent. After Lehtonen failed to leave the premises or pay the demanded rent, on December 29, 2009, Payne filed a *pro se* FED complaint and summons in the Magistrate Division of the Superior Court to have Lehtonen evicted. On January 7, 2010, Lehtonen filed an answer which contained a counterclaim in which Lehtonen admitted to having left the premises, but only on account of violence he alleged Payne and his mother used against his person and belongings to eject him from the home. In his counterclaim, Lehtonen sought injunctive relief amounting to a restraining order against Payne and his mother, compensatory damages for stolen goods and trespass, and punitive damages.

Docket entries from the proceedings before the magistrate indicate that Lehtonen was served with notice on January 5, 2010 of a hearing on the matter to be held on January 12, 2010. Nevertheless, Lehtonen failed to appear at the January 12, 2010 hearing. The magistrate held the hearing scheduled for that date, and heard testimony from Payne concerning his request for eviction. Specifically, Payne testified that Lehtonen had already vacated the premises and left the keys on the premises. The magistrate determined that, because Lehtonen vacated the premises, she was no longer able to provide Payne his requested relief of eviction and dismissed the case. On January 15, 2010, the magistrate memorialized that ruling in an order dismissing the case with prejudice.

On January 25, 2010, Lehtonen filed a motion with the magistrate to partially set aside the judgment, arguing that he mistakenly believed the hearing was scheduled for January 22, 2010 instead of January 12, 2010 and that the magistrate failed to consider his counterclaim for damages

before dismissing the suit. On February 16, 2010, the magistrate granted Lehtonen's motion in part and denied it in part. The magistrate agreed with Lehtonen that his counterclaim should not be dismissed with prejudice, but held that a FED action was not the forum to raise his claims for damages. The magistrate amended the order dismissing the counterclaim from a dismissal with prejudice to a dismissal without prejudice, preserving Lehtonen's rights to refile his claim in small claims court or in a normal civil action. On March 10, 2010, Lehtonen filed a "Renewed Motion to Set Aside Judgment" which the Superior Court treated as a notice of appeal. On March 18, 2010, Lehtonen filed a more traditional notice of appeal to the Superior Court to have the magistrate's orders reviewed.

In his brief to the Superior Court, Lehtonen argued that the magistrate erred by accepting any of Payne's representations as true and asserted that both Payne and his mother committed a number of offenses against both his person and property. Despite those assertions, Lehtonen acknowledged in his brief that at the time of the hearing, he had vacated the premises. Lehtonen also argued that, because the FED action was a landlord/tenant action, he should have been granted a hearing on his counterclaim.

On July 1, 2011, the Superior Court rejected Lehtonen's arguments and affirmed the magistrate's orders. Specifically, the Superior Court found that (1) Lehtonen's notice of appeal to the Superior Court was filed out of time according to the Superior Court Rules and thus it dismissed his appeal, and (2) even had the appeal been timely, the magistrate was correct that a FED action is not the forum to consider a counterclaim for money damages and injunctive relief. Lehtonen filed a timely appeal[2] to this Court.

## II. JURISDICTION

We have jurisdiction over this civil appeal pursuant to title 4, section 32(a) of the Virgin Islands Code, which provides that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise

---

[2] Although the notice of appeal to this Court was initially filed out of time, the Superior Court granted an extension to file pursuant to Virgin Islands Supreme Court Rule 5(e).

provided by law." 4 V.I.C. § 32(a). An order from the Superior Court affirming a magistrate's final dismissal in a FED action is a final order appealable to this Court under section 32(a).[3] *See H&H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 461-63 (V.I. 2009).

## III. DISCUSSION

In support of his claim that the Superior Court erred, Lehtonen contends that (1) he should have been permitted to assert his counterclaim in the FED action and (2) that Payne's testimony at the January 12, 2010 hearing was all perjured.

### A. The Superior Court correctly affirmed the magistrate's determination that counterclaims for damages are inappropriate in FED proceedings.

Lehtonen first argues that the magistrate should have considered his counterclaim in the FED action, rather than dismissing it without prejudice. The Superior Court affirmed the magistrate's dismissal, relying on Superior Court Rule 37, which states in pertinent part:

> Summary proceedings between landlord and tenant for the recovery of possession of premises and for forcible entry and detainer which are

---

[3] Because we affirm on other grounds, we do not reach the merits of the Superior Court's alternative justification for dismissing Lehtonen's appeal from the magistrate's order, namely, that the notice of appeal was filed out of time according to the Superior Court rules. However, in holding that Lehtonen's untimely filed notice of appeal was an alternate ground justifying dismissal of the appeal, the Superior Court held that "the Court lack[ed] jurisdiction to determine Defendant's appeal petition since it was untimely . . . ." *Payne v. Lehtonen*, 55 V.I. 286, 291 (V.I. Super. Ct. 2011). Accordingly, we address the alternative justification only to the extent that the timeliness may have affected the Superior Court's jurisdiction to issue its ruling on the ground we affirm. *See Prosser v. PSC*, 56 V.I. 391, 404-405 (V.I. 2012). In doing so, we begin from the premise that "[i]t is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject-matter jurisdiction even if they may result in dismissal if violated." *Gov't of the V.I. v. Crooke*, 54 V.I. 237, 253-54 (V.I. 2010); *see also Bryan v. Gov't of the V.I.*, 56 V.I. 451, 455-456 (V.I. 2012). Here, the Superior Court relied only on its own rules for its determination that Lehtonen's untimely notice of appeal deprived it of jurisdiction. Accordingly, although we do not reach the issue of whether the Superior Court correctly determined that Lehtonen's notice of appeal was untimely or whether the Superior Court had the authority to raise the timeliness issue *sua sponte* without providing the parties an opportunity to brief the issue, even if Lehtonen's notice of appeal was untimely the Superior Court was not deprived of jurisdiction by that procedural defect.

brought under the provisions of 28 V.I.C. § 781 et seq. shall not be joined with any other cause of action; nor shall a defendant, in any such proceeding, be permitted to file a counterclaim or third-party complaint . . . .

SUPER. CT. R. 37. Lethonen contends, however, that some Virgin Islands courts have permitted the recovery of money damages in FED actions notwithstanding Rule 37. *See, e.g., Saja Cloth, Inc. v. Mongoose Junction II*, 162 F.R.D. 91, 32 V.I. 315, 317-19 (D.V.I. App. Div. 1995); *Robert L. Merwin & Co. v. Strong*, 7 V.I. 282, 285-86 (D.V.I. App. Div. 1969). The issue, then, is whether, in promulgating Rule 37, the Superior Court misunderstood the purpose of the Legislature's creation of the FED action and frustrated the Legislature's intent by limiting the remedies and arguments available in a FED action.

■■ This Court has previously set out the purpose of a FED action, stating that

> [t]he Virgin Islands Code provides an action for forcible entry and detainer as a peaceful alternative to the often violent consequences of property owners exercising their right of self-help. *Suarez v. Christian*, 18 V.I. 581 (D.V.I. 1981). In exchange for revoking their right of repossession by force, the statute provides a simple summary proceeding, with time requirements substantially shorter than those provided in ordinary civil actions and with the issues sharply restricted. In such a summary proceeding, a property owner under certain specified circumstances, can quickly receive a judicial declaration of his right of occupancy and an order directing the marshal to remove the defendant and restore possession to the property owner. Where a tenant is retaining possession by force, relief is available in a summary FED proceeding only if there "is an undisputed oral or written lease agreement, and rent is due and owing thereon; or [t]here is an undisputed oral or written lease which has expired." Conversely, "a FED cause of action will not lie where [t]itle to the premises is in question; or [w]here there is proved to the Court to exist a bona fide question of the existence of a lease at law or in equity, which has not yet expired." *Inter Car Corp. v. Discount Car Rental*, 21 V.I. 157, 159 (Terr. Ct. 1984).

*V.I. Port Auth. v. Joseph*, 49 V.I. 424, 427-28 (V.I. 2008) (quoting *C.M.L., Inc. v. Dunagan*, 904 F.2d 189, 190-91 (3d Cir. 1990)). It would frustrate the

purpose of FED actions — to provide landlords with a swift mechanism (in lieu of self-help) for obtaining possession of leased property when the lease is violated — if a party were permitted to complicate the proceedings by incorporating additional issues and claims for damages that could require discovery and expense to investigate. Indeed, the section of the Virgin Islands Code which sets out the parameters of a FED action states that "[w]hen a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may *maintain an action to recover the possession thereof*." 28 V.I.C. § 782(a) (emphasis added). The statute itself makes it clear that the only purpose of the action is the recovery of the premises, and therefore any other relief, including counterclaims for damages, is unavailable in a FED action. Accordingly, it is abundantly clear that the Superior Court did not frustrate the purpose of a FED action by limiting, via Superior Court Rule 37, the issues that could be raised.

Indeed, even the cases Lehtonen relies on do not provide his argument with any support. In *Saja Cloth*, a single judge of the Appellate Division of the Virgin Islands District Court found that the Territorial Court, the predecessor to the modern Superior Court, consolidated a FED action with an action for debt and then treated the consolidated case as a normal civil case which ended in damages being awarded. *Saja Cloth*, 32 V.I. at 317-18. The district court declined to opine whether the consolidation violated the FED statutes or Rule 37, but instead found that, because the Territorial Court had broad jurisdiction over normal landlord and tenant cases, the consolidation would not have affected the court's jurisdiction to hear the matter. *Id.* The district court never considered whether remedies other than possession of the premises were available in a pure FED action. In *Robert L. Merwin & Co.*, it is not clear from the opinion that the case involved a FED action. Instead, the court stated that the plaintiffs brought "suit" for "possession of the warehouse in controversy, damages[,] and an injunction" and the defendants counterclaimed for similar relief. 7 V.I. at 284. The opinion does mention the FED statute, but only in defining what it means to be illegally in possession of another's premises by force. *Id.* at 286. Accordingly, *Robert L. Merwin & Co.* provides no support for the proposition that counterclaims for trespass against the landlord, and the related money damages, were contemplated as part of the FED summary procedure.

■ Consequently, Superior Court Rule 37 does not frustrate the Legislature's purpose in enacting the FED procedures and, in fact, is entirely in accordance with the plain language of section 782 and this Court's interpretation of the FED statutes. We stress, as did the magistrate, that this does not mean that Lehtonen's counterclaim does not have a forum for relief — Lehtonen is free to file his claim in either small claims court or as a civil action with the Superior Court. We hold only that the applicable FED statutes and Superior Court Rule 37 governing FED procedures do not permit Lehtonen to raise his counterclaim in the summary FED action. Therefore, we affirm the dismissal of Lehtonen's counterclaim without prejudice.

### B. None of the testimony Lehtonen challenges as perjured formed a basis for the magistrate's decision.

■ Lehtonen's next argument centers on the hearing conducted by the magistrate, where Payne provided some testimony as to why Lehtonen vacated the premises. Lehtonen argues that all of this testimony is perjury. The magistrate, following the hearing, found that, because Lehtonen had already vacated the premises, she could not give any relief in the action and dismissed the case as moot. Accordingly, the only fact that the magistrate actually found based on Payne's testimony was that Lehtonen vacated the premises. Lehtonen admits that he had, in fact, vacated the premises prior to the magistrate's hearing and order. As we explained *supra*, the only relief available in a FED action is the recovery of the premises. *See* 28 V.I.C. §§ 782(a), 784; SUPER CT. R. 37. Therefore, even if Lehtonen were correct and everything else said by Payne at the hearing was perjured testimony, we would be unable to reverse the magistrate's findings because they are based on only one fact — the one Lehtonen concedes was true.

### IV. CONCLUSION

Based on the language of the FED statute, the Superior Court did not err in relying on Superior Court Rule 37 to affirm the magistrate's dismissal of Lehtonen's counterclaims without prejudice. Additionally, we do not reach Lehtonen's argument that Payne perjured himself before the magistrate, as Lehtonen admitted he had left the premises by the day of the hearing and that is the only fact on which the magistrate relied. Accordingly, we affirm the Superior Court's July 1, 2011 order affirming

315

the magistrate's dismissal of the FED action with prejudice and the counterclaims without prejudice.