IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

November 27, 2024 01:52 PM
SCT-Civ-2024-0023
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | | |
|---|---|---|
| **4-10 ESTATE BOTANY BAY, LLC,** | ) | **S. Ct. Civ. No. 2024-0023** |
| Appellants/Plaintiff, | ) | Re: Super. Ct. RV. No. 001/2024 (STT) |
| | ) | |
| v. | ) | |
| | ) | |
| **BOSHOW ANN KIRKLAND AND ANY** | ) | |
| **OTHER OCCUPANTS OF 4-10 ESTATE** | ) | |
| **BOTANY BAY, ST. THOMAS** | ) | |
| Appellees/Defendants. | ) | |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Denise M. Francois

Considered: November 12, 2024
Filed: November 27, 2024

Cite as: 2024 VI 34

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **HAROLD W.L. WILLOCKS**, Associate Justice.

APPEARANCES:

**Michael L. Sheesley, Esq.**
Michael L. Sheesley, LLC
San Juan, P.R.
    *Attorney for Appellant,*

**Gaylin Vogel, Esq.**
Barnes, D'Amour & Vogel
St. Thomas, U.S.V.I.,
    *Attorney for Appellee.*

## OPINION OF THE COURT

**HODGE, Chief Justice.**

¶ 1    4-10 Estate Botany Bay, LLC (hereafter "4-10 EBB"), appeals from the Superior Court's

March 11, 2024 judgment which affirmed a January 17, 2024 order of the Magistrate Division

dismissing its forcible entry or detainer ("FED") action against Boshow Ann Kirkland (hereafter "Ann").  We affirm.

## I. BACKGROUND

¶ 2     In 2016, John Kirkland, the founder and President of Discover Fund Management, LLLP ("Discover"), purchased 4-10 EBB, a limited liability company that owns the real property located at 4-10 Estate Botany Bay in St. Thomas (thereafter "the Property").  In 2019, Discover sold 4-10 EBB to John's minor children, whose mother is Ann, his then-wife; however, Discover continued to manage 4-10 EBB. While Ann had at times lived at the property with their children, she did not possess a written lease agreement or pay rent.

¶ 3     Ann initiated divorce proceedings against John in Florida in early 2023.  On December 15, 2023, 4-10 EBB filed an FED complaint against Ann with the Magistrate Division of the Superior Court.  The complaint asserted that Ann was "currently asserting a claim for a right to occupy the Property," that "through [her] continued claim for a right to occupy the Property [was] wrongfully withholding the Property by force," and requested as relief that the court award it "restitution and possession of the Property"  as well as "direct[] that a Writ of Restitution be issued and promptly served . . . evicting [Ann] from the Property and establishing possession of same to [4-10 EBB]." (J.A. 2-3.)

¶ 4     The Magistrate Division set the matter for trial on January 11, 2024. However, two days before the trial, Ann filed a motion to dismiss the FED action on January 9, 2024.  In her motion, Ann asserted that John had forcibly removed her belongings from the Property without her consent between August 3-5, 2023, and that when she attempted to return to the Property on August 11, 2023, an armed security guard denied her entry. Ann also noted that she had initiated an action to recover possession of the Property which was still pending in the United States District Court of

the Virgin Islands and asserted that the FED complaint had been filed for the improper purpose of interfering with the District Court litigation. According to Ann, the Superior Court lacked the authority to grant the relief requested given that she did not possess the Property and therefore could not surrender it.

¶ 5     The trial on the FED complaint took place as scheduled on January 11, 2024. After hearing brief arguments on the motion to dismiss, the magistrate judge declined to dismiss the matter at that time and permitted the parties to present evidence. 4-10 EBB called a single witness, Sheniqua Rouse-Pierre, who identified herself as the treasurer of Discover, which still served as the manager of 4-10 EBB. Through her testimony, 4-10 EBB established that it owned the Property, that Ann did not have a written lease agreement and did not pay rent, and that it had served Ann with a notice to quit on August 29, 2023. Rouse-Pierre also testified that for the past five months 4-10 EBB had hired "24 hour security" at a cost of "[o]ver $44,000 a month" and that while Ann had tried to enter the Property "several times" by "being a nuisance or by intimidating security." (J.A. 114-15.) However, on cross-examination, Rouse-Pierre testified that Ann did not live on the Property, did not currently possess the Property, did not have access to the property since August 2023, and could not access the Property since 4-10 EBB changed the locks in late September 2023 and did not provide Ann with a key for the new lock.  (J.A. 129.)

¶ 6     At the close of all evidence and after hearing the parties' closing arguments, the magistrate judge orally ruled that 4-10 EBB had "not proven [its] case by a preponderance of evidence for two reasons." (J.A. 135.)  First, the magistrate judge found that Ann did not possess the Property, and that the 4-10 EBB believed that Ann was trespassing or otherwise being a nuisance, it could seek to vindicate its rights through a different civil action. The magistrate judge further determined that dismissal would be warranted even if Ann did possess the Property because the FED statute

requires that a tenant receive 90 days' notice to vacate the premises, but 4-10 EBB effectively removed her from the premises by changing the locks in September 2023 despite only serving her with a notice to quit on August 29, 2023. On January 17, 2024, the magistrate judge memorialized her oral ruling into an order dismissing the FED action.

¶ 7     On January 31, 2024, 4-10 EBB filed a notice requesting an internal appeal of the January 12, 2024 order by a Superior Court judge pursuant to the procedure outlined in Superior Court Rule 322. After reviewing the parties' filings and the record, the Superior Court entered a March 11, 2024 judgment summarily affirming the January 17, 2024 order after "hav[ing] fully adopted the reasoning of the magistrate judge." (J.A. 177.)  4-10 EBB then timely filed a notice of appeal with this Court on April 5, 2024. *See* V.I. R. APP. P. 5(a)(1).

## II. DISCUSSION

### A.  Jurisdiction and Standard of Review

¶ 8      "This Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a); *see also* 48 U.S.C. § 1613a(d). "An order from the Superior Court affirming a magistrate's final [judgment] in an FED action is a final order appealable to this Court under section 32(a)." *Lehtonen v. Payne*, 57 V.I. 308, 312 (V.I. 2012) (citing *H & H Avionics, Inc. v. V.I. Port. Auth.*, 52 V.I. 458, 461–63 (V.I. 2009)).

¶ 9     This Court exercises plenary review over applications of law but reviews finding of fact only for clear error. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

### B. Possession

¶ 10    4-10 EBB asserts in its appellate brief that the Superior Court misinterpreted the pertinent statutes when it dismissed its complaint on the basis that Ann did not possess the Property. First,

it contends that the plaintiff in an FED action need not prove possession by the defendant; in the alternative, it maintains that it proved at trial that Ann possessed the Property.

¶ 11      We disagree. To support its argument that a court may enter an FED judgment against a defendant who does not actually possess the property at issue, 4-10 EBB cites to title 28, section 782 of the Virgin Islands Code, which provides in pertinent part that

> When a forcible entry is made upon any premises, or when an entry is made in a peaceable manner and the possession is held by force, the person entitled to the premises may maintain an action to recover the possession thereof.

28 V.I.C. § 782(a). According to 4-10 EBB, section 782(a) "articulates two distinct alternative situations in which 4-10 EBB . . . may maintain an FED action," and that it "only needed to prove one of the alternatives set out in the statute," which it asserts are: "(1) 'when a *forcible entry is made* upon the premises; **or**, in the alternative, (2) (a) when an entry is made in a peaceable manner and (b) the *possession is held* by force." (Appellant's Br. 15 (emphasis in original).) In other words, 4-10 EBB asserts that "forcible entry" and "holding possession" are "two alternate statutory scenarios," and that the "undisputed evidence" established that Ann engaged in a "forcible entry." (Appellant's Br. 15.)

¶ 12      4-10 EBB's argument lacks merit.  Certainly, section 782(a) uses the disjunctive "or" to separate the subordinate conjunctive phrases "[w]hen a forcible entry is made upon any premises" and "when an entry is made in a peaceable manner and the possession is held by force." However, 4-10 EBB wholly ignores the main clause of the sentence that immediately follows those conjunctive phrases: "the person entitled to the premises may maintain an action <u>to recover the possession thereof</u>." 28 V.I.C. § 782(a) (emphasis added). Moreover, 4-10 EBB likewise overlooks that section 783, which sets forth the requirements of an FED complaint, provides that

¶ 13      In an action under this subchapter it shall be sufficient to state in the complaint a

*4-10 Est. Botany Bay v. Kirkland*        2024 VI 34
S. Ct. Civ. No. 2024-0023
Opinion of the Court
Page 6 of 7

description of the premises with convenient certainty, <u>that the defendant is in possession thereof</u>, that he entered upon the same with force, or unlawfully holds the same with force, as the case may be, and that the plaintiff is entitled to the possession thereof.

28 V.I.C. § 783 (emphasis added). In other words, regardless of whether the defendant engaged in a "forcible entry" or is unlawfully "holding possession" after a peaceful entry, the plain language of the FED statute expressly and unambiguously requires that the defendant possess the property.

¶ 14    4-10 EBB further argues, in the alternative, that the Superior Court erred when it found that Ann did not possess the Property. According to 4-10 EBB, the "undisputed testimony established that [Ann] was continuously coming onto the property and attempting to enter the premises, requiring expensive, 24-hour security." (Appellant's Br. 16.) It should go without saying, however, that <u>attempting</u> to possess a property is not equivalent to <u>actually</u> possessing the property. This is reflected in the sole remedy that section 782 authorizes a successful FED plaintiff to receive: a judgment permitting the plaintiff "to recover the possession" of the property. 28 V.I.C. § 782(a). It stands to reason that there remains nothing for a plaintiff "to recover" when a defendant unsuccessfully attempts to enter a property; the plaintiff's possession of the property has not been disturbed. To the extent that Ann lacks authorization to enter the Property but continues to unsuccessfully try to do so, 4-10 EBB has numerous other avenues available to it to vindicate its rights, such as through civil actions for injunctive relief to stop future trespasses or for trespass or other torts to recover damages to compensate it for past trespasses.[1] Accordingly,

---

[1] In its brief, 4-10 EBB asserts that the Magistrate Division—and by extension the Superior Court—erred by purportedly "assum[ing] that FED actions can only be brought against a defendant who is sleeping at the property." (Appellant's Br. 19.) However, neither the Magistrate Division's January 17, 2024 written order, the Superior Court's March 11, 2024 judgment affirming that order, or the magistrate judge's January 12, 2024 oral findings contain any indication whatsoever that the Magistrate Division or the Superior Court made such an assumption or otherwise made "[a]n overnight stay . . . a requirement for maintaining a FED action." (Appellant's Br. 20.) While the January 17, 2024 order does state "that the Defendant was not living on the premises presently,"

we affirm the Superior Court's March 11, 2024 judgment.[2]

### III. CONCLUSION

¶ 15    Neither the Magistrate Division nor the Superior Court erred in holding that 4-10 EBB

failed to satisfy the elements of an FED action, in that 4-10 EBB failed to prove that Ann possessed

the Property.  Therefore, we affirm the Superior Court's March 11, 2024 judgment.

**Dated this 27th day of November, 2024.**

**BY THE COURT:**

/s/ Rhys S. Hodge____
**RHYS S. HODGE**
**Chief Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** _____/s/ Reisha Corneiro____
    **Deputy Clerk II**
**Dated**: ___November 27, 2024___

---

the magistrate judge made this statement in the context of explaining its finding that Ann did not
<u>currently</u> possess the premises, i.e. that she had previously lived there but no longer did so.

[2] Given our holding that 4-10 EBB failed to establish that Kirkland possesses the Property, we
need not address the other arguments it made in its appellate brief.